UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| WATERROWER, INC.<br><br>      Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE<br>COMPANY,<br><br>      Defendant. | CIVIL ACTION NO.  1:24-cv-00458 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446 and LR Cv 81, the Defendant, Twin City Fire Insurance Company,[1] hereby submits this Notice of Removal.  In support of this Notice, the Defendant states as follows:

1.      The Plaintiff, WaterRower, Inc. ("the Plaintiff"), is a Rhode Island corporation with a principal place of business located at 560 Metacom Avenue, Warren, Rhode Island 02885.

2.      The Defendant is an Indiana corporation with a principal place of business located at One Hartford Plaza, Hartford, Connecticut, 06155.

3.      On October 7, 2024, a copy of the Plaintiff's Complaint and a Summons in this case was received by the Rhode Island Division of Business Regulation for service on the Defendant under Rhode Island law, R.I.G.L. §27-2-13 and §27-2-14.

4.      Division of Business Regulation sent the Summons and Complaint to the Defendant on October 7, 2024.

5.      Removal is timely under 28 U.S.C. §1446(b), as fewer than 30 days have passed since the Defendant was served with process.

---

[1] The Defendant was misnamed "The Twin City Fire Insurance Company" in the Complaint (Emphasis added).

6.       Pursuant to 28 U.S.C. §1446(a), the Defendant attaches a copy of the Summons and Complaint as Exhibit A.

7.       Removal is based on diversity of citizenship between all parties and an amount in controversy that exceeds $75,000.

8.       The Complaint seeks to adjudicate the Plaintiff's entitlement to insurance coverage under two policies of  insurance the Defendant issued to the Plaintiff for the policy periods of August 1, 2017 to August 1, 2018, and August 1, 2018 and August 1, 2019 ("the Policies"). (Exhibit A, ¶ 7). Each Policy has a $1,000,000 single limit for personal and advertising injury. The Plaintiff contends that the Defendant provides coverage for any "suit" seeking personal and advertising injury, and that the Defendant wrongfully denied its duty to defend and indemnify in connection with an underlying lawsuit filed against the Plaintiff in this Court, captioned *Jay Blahnik, Inc. v. WaterRower, Inc.*, C.A. No. 1:21-cv-00026 ("the Underlying Action"), alleging copyright infringement under 17 U.S.C. § 101 and seeking monetary, injunctive and declaratory relief. (Exhibit A, ¶¶ 10, 11, 18, 20, 23, 27, 28, 38).[2] In the present case, the Plaintiff seeks a declaratory judgment, and alleges breach of contract and bad faith pursuant to R.I. Gen. Laws § 9-1-33.  (Exhibit A, ¶¶ 24-39). The Plaintiff further alleges that it is entitled to its attorney's fees pursuant to R.I. Gen Laws § 9-1-45 on the grounds that "[t]here is no justifiable [sic] issue of either law or fact presented by Twin City Fire for breach of the terms of the insurance policy with the Plaintiff" (Exhibit A, ¶¶ 40-42).[3]

---

[2] The damages recoverable by Jay Blahnik, Inc, against the Plaintiff under federal copyright law, 17 U.S. C. § 504, are actual damages, including profits earned by WaterRower from the infringement, or statutory damages for infringement of each work of "not less than $750 or more than $30,000 as the court considers just."

[3]  R.I. Gen. Laws § 9-1-45 provides that "[t]he court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court: (1) Finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or (2) Renders a default judgment against the losing party."  (Emphasis added).

2

9.      Here, the Plaintiff seeks both nonmonetary relief through its count for a declaratory judgment and monetary relief through its counts for breach of contract and bad faith, and seeks an award of attorneys' fees.  Under 28 U.S.C. § 1446(c)(2)(A), the notice of removal may satisfy the amount in controversy requirement even when the complaint seeks nonmonetary relief or seeks a money judgment, but does not demand a specific sum based on "State practice." Rhode Island law prohibits a Plaintiff from including a specific monetary *ad damnum* in a complaint.  *See* R.I. Gen. Laws § 9-1-30(a) ("No complaint or pleading in an action of contract…shall contain an ad damnum or monetary amount claimed against any defendant or defendants; provided, however, that in any action brought before the superior court, the complaint shall state that the monetary amount claimed is sufficient to establish the jurisdiction of the superior court").

10.      Section 1446(c)(2)(B), "removal of the action is proper on the basis of an amount under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."

11.      In actions seeking insurance coverage, "[t]he usual rule is that the 'obligation [to defend] is so interwoven with the obligation to indemnify' that the amount in controversy in a declaration action should include both." *Bristol County Water Authority v. National Union Fire Insurance Co. of Pittsburgh,* 2024 U.S. Dist. LEXIS 196137, at *5, C.A. 1:24-cv-308-MSM-PAS (D.R.I. Oct. 29, 2024), quoting *Maryland Cas. Co. v. United Corp.*, 111 F.2d 443, 447 (1st Cir. 1940) and citing *Centennial Ins. v. Patterson*, 495 F. Supp. 2d 157, 258 (D. Me. 2007) ("For this lawsuit, potential indemnity is considered along with defense costs"); and *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 539 (7th Cir. 2007) (collecting cases).  Moreover, in actions seeking monetary relief, "[t]he amount in controversy includes statutorily authorized attorneys' fees and multipliers of damages," *Crandall v. Travelers Pers. Sec. Ins.,* 2024 U.S. Dist. LEXIS 12106, *2

3

(D. Mass. Jan. 18, 2024), such as the punitive damages and attorney fees considered by R.I. Gen. Laws § 9-1-33 and attorney's fees under a claim brought pursuant to R.I. Gen. Laws § 9-1-45.[4]

12.     Based on the claim for monetary damages in the Underlying Case, the $1,000,000 policy limit in each of the Defendant's Policies for personal and advertising injury, the Plaintiff's claim for both defense and indemnity, the allegation that the Defendant's denial of coverage "has caused and continues to cause damage to Plaintiff[,]" and the Plaintiff's claim for punitive damages and attorney's fees in the present case, the amount in controversy exceeds $75,000. (Exhibit A).

13.     Accordingly, this Court has jurisdiction over this civil action based upon diversity of citizenship and an amount in controversy pursuant to 28 U.S.C. §§1332, 1441 and 1446.

14.     In submitting this Notice of Removal, the Defendant reserves all defenses to this action.

WHEREFORE, the Defendant hereby requests that the above action now pending the Rhode Island Superior Court, Providence County, be removed to the United States District Court for the District of Rhode Island.

*[SIGNATURE PAGE TO FOLLOW]*

---

[4] *Contrast Bristol County Water Authority*, 2024 U.S. Dist. LEXIS 196137, at *6-10 (where the removed complaint only alleged the failure of the insurer to provide and pay for the insured's independent counsel, and did not seek indemnity from the insurer, and the amount of the fees were less than $75,000, the case was remanded to state court).

4

Respectfully submitted,

TWIN CITY FIRE INSURANCE COMPANY

By Its Attorneys,


/s/ *Anthony S. Aprea*

David A. Grossbaum, #6742
dgrossbaum@hinshawlaw.com
Anthony S. Aprea, #9071
aaprea@hinshawlaw.com
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Suite 200
Providence, RI 02903
401-751-0842
401-751-0072 (facsimile)


Dated:  November 6, 2024

## CERTIFICATE OF SERVICE

I, Anthony S. Aprea, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 6, 2024.


/s/ *Anthony S. Aprea*

Anthony S. Aprea

5