# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/07/2024
CT Log Number 547487134

## Service of Process Transmittal Summary

**TO:**    Michael Johnson, Legal Assistant
The Hartford
1 HARTFORD PLZ
HARTFORD, CT 06155-0001

**RE:**    **Process Served in Rhode Island**

**FOR:**   Twin City Fire Insurance Company  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WaterRower, Inc. vs. THE TWIN CITY FIRE INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Proof, Notice, Attachment(s), Complaint, Check |
| **COURT/AGENCY:** | Providence and Bristol County, Superior Court, RI<br>Case # PC202405001 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, East Providence, RI |
| **DATE/METHOD OF SERVICE:** | By Electronic Receipt on 10/07/2024 at 13:59 |
| **JURISDICTION SERVED:** | Rhode Island |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this Summons upon you, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Christopher J. O'Connor<br>Blish & Cavanagh, LLP<br>Commerce Center<br>30 Exchange Terrace<br>Providence, RI 02903<br>401-831-8900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/07/2024, Expected Purge Date: 10/12/2024<br><br>Image SOP<br><br>Email Notification,  Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification,  Fiona Rosenberg  fiona.rosenberg@thehartford.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>450 Veterans Memorial Highway<br>Suite 7A<br>East Providence, RI 02914<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/07/2024
CT Log Number 547487134

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**From:**Sandra.West@dbr.ri.gov
**To:**CTSOPReceipt@wolterskluwer.com
**Sent:**10/07/2024 16:21
**CC:**Vianka.Brown@dbr.ri.gov
**Subject:**Summon served upon the RI Insurance Commissioner in the matter of: WaterRower Inc Vs The Twin City Fire Insurance Company

Please see attached Summon served upon the RI Insurance Commissioner in the matter of:

WaterRower Inc Vs The Twin City Fire Insurance Company

Regards,

Sandra West

Assistant Administrative Officer

Insurance Division
Department of Business Regulation
1511 Pontiac Ave Bldg 69-2

Cranston, RI 02920
Direct # 401-462-9621
Main # 401-462-9520
E-mail sandra.west@dbr.ri.gov

Follow us on Social Media!

Twitter @RIDBRFinancial

LinkedIn @Rhode Island Department of Business Regulation

Facebook.com/RIDBRFinancial



THIS E-MAIL IS INTENDED ONLY FOR THE PERSON OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE. DISSEMINATION, DISTRIBUTION OR COPYING OF THIS E-MAIL OR THE INFORMATION HEREIN BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE CALL THE RI DEPARTMENT OF BUSINESS REGULATION AT 401-462-9604, DESTROY THE ORIGINAL MESSAGE AND ALL COPIES. DO NOT CONVEY THE INFORMATION IN THE E-MAIL TO ANY THIRD PARTY.

# BLISH & CAVANAGH LLP

C O U N S E L L O R S    A T    L A W

| | |
|---|---|
| Joseph V. Cavanagh Jr. | Commerce Center |
| William R. Landry | 30 Exchange Terrace |
| ~~Edmund L. Alves, Jr.~~ | ~~Providence, RI 02903-1765~~ |
| Scott T. Spear | |
| Mary Cavanagh Dunn | Tel (401) 831-8900 |
| Joseph V. Cavanagh, III | Fax (401) 751-7542 |
| Christopher J. O'Connor | www.blishcavlaw.com |
| Matthew J. Landry | |

Steven I. Rosenbaum
Of Counsel

John H. Blish
(1986-2007)

**RECEIVED**

OCT 07 2024

STATE OF RHODE ISLAND
INSURANCE DIVISION

October 4, 2024

Insurance Commissioner
R.I. Department of Business Regulations
Insurance Division
1511 Pontiac Avenue, Bldg. 69-2
Cranston, RI 02920

> **Re:    Service of Process**
> ***WaterRower, Inc. v. The Twin City Fire Insurance Company***
> ***PC-2024-05001***

To Whom it May Concern:

Pursuant to R.I. General Laws § 27-2-13 and §27-2-14, enclosed is service of process, summons and complaint with exhibits on:

**The Twin City Fire Insurance Company**

Also enclosed is a check in the amount of $25.00.

Lastly, please confirm receipt of service at the following e-mail address: **cjo@blishcavlaw.com** .

Very truly yours,

Christopher J. O'Connor

Enclosures

# Exact Name of Entity being Served:

# The Twin City Fire Insurance Company



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2024-05001 |
| **Plaintiff**<br>WaterRower, Inc.<br>v.<br>The Twin City Fire Insurance Company<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher J O'connor |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>BLISH & CAVANAGH LLP<br>30 EXCHANGE  TERRACE STE 3<br>PROVIDENCE RI  02903-1749 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>One Hartford Plaza<br>Hartford CT  06155 |

**TO THE DEFENDANT, The Twin City Fire Insurance Company:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/11/2024. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| WaterRower, Inc. | PC-2024-05001 |
| v. | |
| The Twin City Fire Insurance Company | |
| **Defendant** | |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, The Twin City Fire Insurance Company, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised November 2022)



## STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____

   _____

| SERVICE DATE: _____ / _____ / _____ <br> Month    Day    Year | SERVICE FEE $_____ |
|---|---|

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                                        Notary Public: _____
                                        My commission expires: _____
                                        Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised November 2022)

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1.    **Call the Office of Court Interpreters at (401) 222-8710, or**

2.    **Send an email message to interpreterfeedback@courts.ri.gov, or**

3.    **Visit the interpreters' office to schedule an interpreter:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Fourth Floor, Room 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**When requesting an interpreter, please provide the following information:**

- **The name and number of your case**
- **The language you are requesting**
- **The date and time of your hearing**
- **The location of your hearing**
- **Your name and a telephone number where we can reach you or your lawyer**

---

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the internet:
http://www.courts.ri.gov/Interpreters/englishversion/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Camboyano: SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTIFICAÇÃO

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1.  Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou

2.  Enviar uma mensagem de correio eletrónico para <u>interpreterfeedback@courts.ri.gov</u>, ou

3.  Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:

> **Gabinete de Intérpretes Judiciais**
> **Complexo Judicial Licht**
> **Quarto Piso, Sala 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- **O nome e número do seu processo**
- **O idioma que solicita**
- **A data e hora da sua audiência**
- **O local da sua audiência**
- **O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado**

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet: <u>http://www.courts.ri.gov/Interpreters/englishversion/default.aspxi</u>.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

មើលសេចក្ដីជូនដំណឹងនេះជាភាសាខ្មែរ អេស្បាញ និងព័រទុយហ្គាល់នៅលើទំព័រដែលបានភ្ជាប់។



# សេចក្ដីជូនដំណឹង

## លោកអ្នកមានបណ្ដឹងនៅក្នុងប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។

## លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។

ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012-05 បានចែងថានៅពេលបុគ្គលដែលមានចំណេះដឹងភ្នែកភាសាអង់គ្លេសមានកំណត់ (LEP) បង្ហាញខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island និងផ្ដល់អ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ចុងចោទ ដើមចោទ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន ឬអ្នកណាម្នាក់ដែលពាក់ព័ន្ធយ៉ាងសំខាន់នៅក្នុងនីតិវិធីការតុលាការ។ សេវាកម្មបកប្រែនេះ ត្រូវបានផ្ដល់ជូនដោយឥតគិតថ្លៃសម្រាប់គ្រប់ភាគី និងនៅគ្រប់ប្រភេទនៃបណ្ដឹង ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែក្នុងតុលាការធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។

ដើម្បីត្រាងពេលវេលាអ្នកបកប្រែសម្រាប់ថ្ងៃចូលសវនាការរបស់លោកអ្នក លោកអ្នកមានជម្រើសម្រើសដូចខាងក្រោម ៖

1.    ទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710 ឬ

2.    ផ្ញើអ៊ីម៉ែលទៅកាន់ **interpreterfeedback@courts.ri.gov** ឬ

3.    ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីត្រាងពេលវេលាអ្នកបកប្រែ ៖

>   **The Office of Court Interpreters**
>   **Licht Judicial Complex**
>   **Fourth Floor, Room 401**
>   **250 Benefit Street**
>   **Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រែ សូមផ្ដល់នូវព័ត៌មានដូចខាងក្រោម ៖

*   ឈ្មោះ និងលេខបណ្ដឹងរបស់លោកអ្នក
*   ភាសាដែលលោកអ្នកស្នើសុំ
*   កាលបរិច្ឆេទ និងទៅទៀងសវនាការរបស់លោកអ្នក
*   ទីតាំងនៃសវនាការរបស់លោកអ្នក
*   ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងខ្ញុំអាចទំនាក់ទំនងលោកអ្នក ឬមេធាវីលោកអ្នកបាន

---

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាព័រទុយហ្គាល់ រុស្ស៊ី និងអេស្បាញ រួមទាំងបញ្ជីទម្រង់បែបបទតុលាការដែលមានជាភាសាអេស្បាញនោះ សូមចូល ទៅកាន់គេហទំព័រយើងខ្ញុំនៅលើអ៊ីនធឺណិត ៖

http://www.courts.ri.gov/Interpreters/englishversion/default.aspx។

ដើម្បីស្នើសុំការបកប្រែសេចក្ដីជូនដំណឹងនេះជាភាសាណាមួយផ្សេងទៀត សូមទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710។ វាជាការចាំបាច់ដែលត្រូវមានអ្នកនិយាយភាសាអង់គ្លេសជាមួយលោកអ្នកនៅពេលដែលលោកអ្នកទូរស័ព្ទចូល។

តុលាការ Rhode Island ប្ដេជ្ញាធ្វើឱ្យតុលាការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.



La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**

2. **Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o**

3. **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Cuarto Piso, Oficina 401 A-B**
> **250 Benefit Street**
> **Providence, RI 02903**

**Al solicitar un intérprete, por favor provea la siguiente información:**

- **El nombre y el número de su caso**

- **El idioma que solicita**

- **La fecha y hora de su audiencia**

- **Dónde va a tomar lugar su audiencia**

- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

---

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

http://www.courts.ri.gov/Interpreters/englishversion/default.aspxi.

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

STATE OF RHODE ISLAND

PROVIDENCE & BRISTOL, SC.                         SUPERIOR COURT

WATERROWER, INC.                          :
                                          :
          *Plaintiff*                     :
                                          :
     vs.                                  : C.A. No.:  PC-2024-
                                          :
THE TWIN CITY FIRE INSURANCE              :
COMPANY ___                               :
                                          :
          *Defendant*                     :

## COMPLAINT

Plaintiff, WaterRower, Inc., brings this action seeking a declaratory judgment and monetary damages in connection with policies of insurance issued by Defendant The Twin City Fire Insurance Company.

### Parties & Jurisdiction

1.     Plaintiff WaterRower, Inc. (hereinafter, "WaterRower") is a corporation duly organized and existing under the laws of the State of Rhode Island with its principal place of business in the Town of Warren, County of Bristol, State of Rhode Island.

2.     Defendant The Twin City Fire Insurance Company ("Twin City Fire"), a subsidiary and/or affiliate of The Hartford, is an insurance corporation with its principal place of business in the City of Hartford, Connecticut.  At all relevant times, Twin City Fire has been doing business in the State of Rhode Island, engaged in the business of selling insurance policies, and approved to do business by the Rhode Island Department of Business Regulation.

3.     The amount in controversy and nature of the claims are such that jurisdiction is proper in this Court.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

4.      Venue is proper in the Counties of Providence & Bristol pursuant to R.I. Gen. Laws § 9-4-3.

## General Allegations

5.      Plaintiff WaterRower manufactures and sells indoor rowing machines and related products.

6.      Plaintiff paid for, and Twin City Fire issued to WaterRower, commercial general liability policies protecting Plaintiff for claims made against it that fall within the coverage of the policy and occurring within the policy period(s).

7.      Twin City Fire issued Commercial General Liability Policy No. 04 CES 0F4016 ("Policy") for the policy periods of August 1, 2017 to August 1, 2018 and August 1, 2018 to August 1, 2019 insuring and indemnifying Plaintiff for claims made and/or suits filed against Plaintiff.

8.      The Policy provides commercial general liability coverage, in the event of a claim and/or lawsuit,

9.      The commercial general liability coverage includes coverage for, but is not limited to, "personal and advertising injury liability".

10.     Pursuant to the Policy, Twin City Fire had the right and duty to defend its insured, Plaintiff WaterRower, against any "suit" seeking personal and advertising injuries. *See* Exhibit 1, relevant section of the Policy.

11.     On or before January 21, 2021, WaterRower was sued by Jay Blahnik, Inc., ("JBI") in the United State District Court for the District of Rhode Island for copyright infringement ("JBI Lawsuit"). *See* Exhibit 2, JBI's Complaint. JBI added WaterRower UK as a defendant in its amended complaint filed on May 9, 2023. See Exhibit 3, JBI's First Amended

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Complaint. JBI alleges that a video allegedly produced by Plaintiff and published on the internet violated JBI's copyright of its own video and/or manual. Plaintiff denies the allegations.

12. Coverage for allegations of personal and advertising injuries is located in Coverage B, section 1.a. of the Policy. This section states, in part,

> [w]e will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply. [...].

*See* Exhibit 1.

13. According to the Policy,

> personal and advertising injury means injury [...] arising out of one more of the following offenses:
>
> [ . . . ]
>
> f. Copying, in your 'advertisement' a person's or organization's 'advertising idea' or style of 'advertisement.'
>
> g. Infringement of copyright, slogan or title of any literary or artistic work, in your [the insured's] 'advertisement.'

*Id.*

14. Also according to the Policy, "Advertisement means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through [...] [a]ny [...] publication that is given widespread public distribution [...]." *Id.*

15. JBI's complaint alleges that WaterRower is "publishing and distributing" the How to Row Video – a video showing viewers indoor rowing techniques demonstrated on a

3

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

WaterRower rowing machine – on publicly available website including YouTube and Vimeo during the policy period. *See* Exhibits 2 & 3.

16.    JBI also seeks injunctive relief against any future use of the How to Row Video, including an order that WaterRower recall it from all video hosting services, which would include any that may "attract customers or supporters." *See* Exhibit 2, p. 7 & Exhibit 3, p. 9. And its complaint also seeks damages in the form of "any profits of Plaintiff that are attributable to the infringement . . . ." *Id.* In a letter attached to and incorporated into the complaint, JBI's attorney further characterizes JBI's intellectual property as marketing materials and demands that WaterRower "account for . . . the extent of any sales made . . ." *Id.*, @ Exhibit 7.

17.    Accordingly, the allegations made by JBI fall within the definition of an advertisement under the Policy's language created by Twin City Fire, and therefore are not excluded from coverage.

18.    Because JBI's Complaint alleges that the video is an advertisement as defined by the Policy, Twin City Fire has a duty to defend WaterRower. Moreover, JBI's Complaint makes allegations that, if proven to be true, bring the case potentially within the risk coverage of the Policy. It does not matter that WaterRower disputes some or all of JBI's allegations, or even that a jury or judge may ultimately decide in WaterRower's favor. The fact that JBI made the allegations, in its Complaint, triggered Twin City Fire's duty to defend, and potentially indemnify, WaterRower in the JBI litigation.

19.    Under Rhode Island law, Twin City Fire's duty to defend Plaintiff must be based solely on the allegations contained in the complaint filed against Plaintiff in the lawsuit. If the complaint, by itself, alleges facts bringing the case potentially within coverage, the Twin City

4

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Fire must defend. Also, under Rhode Island law, the duty to defend Plaintiff is much broader than a duty to indemnify.

20.    Twin City Fire has the right and duty to defend its insured, WaterRower, against the claims and/or suit filed by JBI, and it has refused to do so.

21.    Plaintiff has requested on many occasions that Twin City Fire review and reconsider their rejection since it was not supported by the plain language of the Policy that they drafted and the facts and materials repeatedly supplied by Plaintiff to Twin City Fire, and not consistent with Rhode Island law.

22.    Plaintiff has complied with all conditions precedent to the commencement of this action.

23.    Twin City Fire has wrongly denied coverage and refused to defend WaterRower. Twin City Fire owes WaterRower defense and indemnity duties and breached those duties, and in doing so is acting unreasonably and in bad faith.

## COUNT I
### Declaratory Judgment

24.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth herein.

25.    Jurisdiction is conferred upon this Court pursuant to R.I.G.L. § 9-30-1, et seq., this being a suit for declaratory relief between parties concerning the construction of an insurance agreement.

26.    A case or controversy exists between the parties with respect to entitlement to benefits under the Policy from Twin City Fire.

27.    WaterRower is entitled to a declaration of the rights and the obligations of its insurer, Twin City Fire, that under the Policy, WaterRower is entitled to a defense from Twin

5

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

City Fire and reimbursement of defense costs in connection with the JBI lawsuit, and indemnification of WaterRower for any judgment or settlement amounts in the lawsuit.

28. Plaintiff also seeks damages against Twin City Fire who is presently obligated to pay of its defense or indemnity, but have refused to do so, for breach of contract, and bad faith, including consequential damages, attorneys' fees, and punitive damages.

29. Plaintiff is entitled to all rights, remedies and relief based on such a declaration, whether is law or in equity.

## COUNT II
## Breach of Contract

30. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as if fully set forth herein.

31. At all relevant times, Plaintiff was insured by the Twin City Fire under the Policy.

32. The Policy formed a contract between Plaintiff and Twin City Fire whereby Twin City Fire would defend, and if necessary, indemnify, Plaintiff from claims and/or suits covered by the Policies.

33. JBI's complaint alleges facts that require Twin City Fire to defend Plaintiff.

34. Twin City Fire has breached its contract with the Plaintiff without any justifiable defense and without any justiciable issue of fact or law.

35. Twin City Fire's breach has caused and continue to cause damages to Plaintiff.

## COUNT III
## Bad Faith

36. Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

37. Twin City Fire is obligated to act in good faith in its relationship with Plaintiff.

6

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

38.    Defendant wrongfully denied coverage and refuse to defend its insured, WaterRower and indemnify it, if necessary, in direct contravention to Rhode Island law.

39.    Defendant has in bad faith refused coverage under the Policy as there is no reasonable basis for denying coverage and defense and other benefits under the Policy and Defendant has acted with reckless indifference to the facts.

<strong>COUNT IV</strong><br>
<strong>(Attorney's Fees Pursuant to R.I.G.L. § 9-1-45)</strong>

40.    Plaintiff alleges and incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41.    There is no justifiable issue of either law or fact presented by Twin City Fire for breach of the terms of the insurance policy with the Plaintiff.

42.    Plaintiff is entitled to recover attorney's fees pursuant to § 9-1-45 of the Rhode Island General Laws.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff WaterRower respectfully requests that this Court:

(a) Enter declaratory judgment in WaterRower's favor and against Twin City Fire as set forth in Count I of the Complaint and award relief in law or equity based on such a declaration;

(b) Enter judgment in WaterRower's favor and against Twin City Fire on Count II of the Complaint and award damages in an amount to be determined by the trier of fact;

(c) Enter judgment in WaterRower's favor and against Twin City Fire on Count III of the Complaint and award damages in an amount to be determined by the trier of fact;

(d) Award WaterRower costs and attorneys' fees on Count IV of the Complaint in an amount to be determined by the Court or trier of fact; and

(e) Award WaterRower such other and further relief as this Court deems just and proper.

7

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY
JURY ON ALL CLAIMS SO TRIABLE.**

Plaintiff, WaterRower, Inc.
by its attorneys,


/s/ Christopher J. O'Connor
Christopher J. O'Connor, Esq. (#5078)
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900 - telephone
(401) 751-7542 – facsimile
cjo@blishcavlaw.com

8

**BLISH & CAVANAGH** LLP

C O U N S E L O R S   A T   L A W

COMMERCE CENTER   30 EXCHANGE TERRACE
PROVIDENCE, RI  02903-1765
(401) 831-8900

**Citizens**

57-12/115

43322

HOLD TO LIGHT TO VIEW TRUE WATERMARK IN PAPER    HEAT SENSITIVE RED LOCK DISAPPEARS WHEN HEATED

PAY

TO THE
ORDER OF

General Treasurer, State of Rhode Island

Twenty-five and NO/100

DATE

10/4/2024

AMOUNT

$25.00

AUTHORIZED SIGNATURE

⑈043322⑈ ⑆011500120⑈ 0118 595 0⑈

**BLISH & CAVANAGH LLP**                                                43322

|       |           |           |        |           |        |
|-------|-----------|-----------|--------|-----------|--------|
|       |           |           |        |           | 43322  |
| 25378 | WaterRower | 10/4/2024 | 25.00 | 25.00 | 0.00 |

General Treasurer, State of Rhode Island

Quick Check Batch 1154

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# Exhibit 1

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the stock insurance company member of The Hartford providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** - Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** - Definitions.

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**d.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**e. Incidental Medical Malpractice And Good Samaritan Coverage**

"Bodily injury" arising out of the rendering of or failure to render the following health care services by any "employee" or "volunteer worker" shall be deemed to be caused by an "occurrence" for:

© 2016 The Hartford
(Includes copyrighted material of Insurance Services Office, Inc. with its permission.)

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**(1)** Professional health care services such as:

**(a)** Medical, surgical, dental, laboratory, x-ray or nursing services or treatment, advice or instruction, or the related furnishing of food or beverages;

**(b)** Any health or therapeutic service, treatment, advice or instruction; or

**(c)** The furnishing or dispensing of drugs or medical, dental, or surgical supplies or appliances; or

**(2)** First aid services, which include:

**(a)** Cardiopulmonary resuscitation, whether performed manually or with a defibrillator; or

**(b)** Services performed as a Good Samaritan.

For the purpose of determining the limits of insurance, any act or omission together with all related acts or omissions in the furnishing of these services to any one person will be considered one "occurrence".

However, this Incidental Medical Malpractice And Good Samaritan Coverage provision applies only if you are not engaged in the business or occupation of providing any of the services described in this provision.

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

**(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or

**(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1)**, **(2)** or **(3)** above.

However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

**f. Pollution**

**(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

**(i)** "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

**(ii)** "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

**(b)** At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

**(c)** Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

**(i)** Any insured; or

**(ii)** Any person or organization for whom you may be legally responsible;

**(d)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

**(i)** "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

**(ii)** "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire"; or

**(e)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

**(2)** Any loss, cost or expense arising out of any:

**(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

**(a)** Less than 51 feet long; and

**(b)** Not being used to carry persons for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft;

**(5)** "Bodily injury" or "property damage" arising out of:

**(a)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

**(b)** The operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment"; or

**(6)** An aircraft that is not owned by any insured and is hired, chartered or loaned with a paid crew. However, this exception does not apply if the insured has any other insurance for such "bodily injury" or "property damage", whether the other insurance is primary, excess, contingent or on any other basis.

**h. Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

**(1)** The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

**(2)** The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

**i. War**

"Bodily injury" or "property damage", however caused, arising, directly or indirectly, out of:

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**j. Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement,

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

**(5)** That particular part of real property on which you or any contractors or subcontractors
working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **III** - Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)** and **(4)** of this exclusion do not apply to "property damage" arising from the use of elevators.

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraphs **(3)** and **(4)** of this exclusion do not apply to "property damage" to borrowed equipment while not being used to perform operations at the job site.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

**p. Access or Disclosure Of Confidential Or Personal Information And Data-related Liability**

Damages arising out of:

**(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

**(2)** The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00458-MRD-PAS    Document 1-1    Filed 11/06/24    Page 29 of 152 PageID #: 34

However, unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**q. Employment-Related Practices**

"Bodily injury" to:

**(1)** A person arising out of any "employment-related practices"; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any "employment-related practices" are directed.

This exclusion applies:

**(1)** Whether the injury-causing event described in the definition of "employment-related practices" occurs before employment, during employment or after employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**r. Asbestos**

**(1)** "Bodily injury" or "property damage" arising out of the "asbestos hazard".

**(2)** Any damages, judgments, settlements, loss, costs or expenses that:

**(a)** May be awarded or incurred by reason of any claim or suit alleging actual or threatened injury or damage of any nature or kind to persons or property which would not have occurred in whole or in part but for the "asbestos hazard";

**(b)** Arise out of any request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, encapsulate, contain, treat, detoxify or neutralize or in any way respond to or assess the effects of an "asbestos hazard"; or

**(c)** Arise out of any claim or suit for damages because of testing for, monitoring, cleaning up, removing, encapsulating, containing, treating,

detoxifying or neutralizing or in any way responding to or assessing the effects of an "asbestos hazard".

**s. Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**Damage To Premises Rented To You - Exception For Damage By Fire, Lightning Or Explosion**

Exclusions **c.** through **h.** and **j.** through **n.** do not apply to damage by fire, lightning or explosion to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in Section **III** - Limits Of Insurance.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral, written or electronic publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

**c. Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral, written or electronic publication, in any manner, of material whose first publication took place before the beginning of the policy period.

**d. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

**e. Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f. Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement".

**g. Quality Or Performance Of Goods - Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

**h. Wrong Description Of Prices**

"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services.

**i. Infringement Of Intellectual Property Rights**

**(1)** "Personal and advertising injury" arising out of any actual or alleged infringement or violation of any intellectual property rights such as copyright, patent, trademark, trade name, trade secret, trade dress, service mark or other designation of origin or authenticity; or

**(2)** Any injury or damage alleged in any clam or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:

**(1)** Infringement, in your "advertisement", of:

**(a)** Copyright;

**(b)** Slogan; or

**(c)** Title of any literary or artistic work; or

**(2)** Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement".

**j. Insureds In Media And Internet Type Businesses**

"Personal and advertising injury" committed by an insured whose business is:

**(1)** Advertising, broadcasting, publishing or telecasting;

**(2)** Designing or determining content of web sites for others; or

**(3)** An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **a., b.** and **c.** of the definition of "personal and advertising injury" under the Definitions Section.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

**k. Electronic Chatrooms Or Bulletin Boards**

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

insured hosts, owns, or over which the insured exercises control.

**l. Unauthorized Use Of Another's Name Or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers.

**m. Pollution**

"Personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

**n. Pollution-Related**

Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

**o. War**

"Personal and advertising injury", however caused, arising, directly or indirectly, out of:

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**p. Internet Advertisements And Content Of Others**

"Personal and advertising injury" arising out of:

**(1)** An "advertisement" for others on your web site;

**(2)** Placing a link to a web site of others on your web site;

**(3)** Content, including information, sounds, text, graphics, or images from a web site of others displayed within a frame or border on your web site; or

**(4)** Computer code, software or programming used to enable:

**(a)** Your web site; or

**(b)** The presentation or functionality of an "advertisement" or other content on your web site.

**q. Right Of Privacy Created By Statute**

"Personal and advertising injury" arising out of the violation of a person's right of privacy created by any state or federal act.

However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act.

**r. Violation Of Anti-Trust law**

"Personal and advertising injury" arising out of a violation of any anti-trust law.

**s. Securities**

"Personal and advertising injury" arising out of the fluctuation in price or value of any stocks, bonds or other securities.

**t. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

**u. Employment-Related Practices**

"Personal and advertising injury" to:

**(1)** A person arising out of any "employment-related practices"; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any "employment-related practices" are directed.

HG 00 01 09 16

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

This exclusion applies:

**(1)** Whether the injury-causing event described in the definition of "employment-related practices" occurs before employment, during employment or after employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**v. Asbestos**

**(1)** "Personal and advertising injury" arising out of the "asbestos hazard".

**(2)** Any damages, judgments, settlements, loss, costs or expenses that:

**(a)** May be awarded or incurred by reason of any claim or suit alleging actual or threatened injury or damage of any nature or kind to persons or property which would not have occurred in whole or in part but for the "asbestos hazard";

**(b)** Arise out of any request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, encapsulate, contain, treat, detoxify or neutralize or in any way respond to or assess the effects of an "asbestos hazard"; or

**(c)** Arise out of any claim or suit for damages because of testing for, monitoring, cleaning up, removing, encapsulating, containing, treating, detoxifying or neutralizing or in any way responding to or assessing the effects of an "asbestos hazard".

**w. Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

**COVERAGE C MEDICAL PAYMENTS**

**1. Insuring Agreement**

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises you own or rent;

**(2)** On ways next to premises you own or rent; or

**(3)** Because of your operations;

provided that:

**(1)** The accident takes place in the "coverage territory" and during the policy period;

**(2)** The expenses are incurred and reported to us within three years of the date of the accident; and

**(3)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**b.** We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

**(1)** First aid administered at the time of an accident;

**(2)** Necessary medical, surgical, X-ray and dental services, including prosthetic devices; and

**(3)** Necessary ambulance, hospital, professional nursing and funeral services.

**2. Exclusions**

We will not pay expenses for "bodily injury":

**a. Any Insured**

To any insured, except "volunteer workers".

**b. Hired Person**

To a person hired to do work for or on behalf of any insured or a tenant of any insured.

**c. Injury On Normally Occupied Premises**

To a person injured on that part of premises you own or rent that the person normally occupies.

**d. Workers Compensation And Similar Laws**

To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

**e. Athletics Activities**

To a person injured while practicing, instructing or participating in any physical exercises or games, sports, or athletic contests.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**f. Products-Completed Operations Hazard**

Included within the "products-completed operations hazard".

**g. Coverage A Exclusions**

Excluded under Coverage **A**.

**SUPPLEMENTARY PAYMENTS - COVERAGES A AND B**

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

   **a.** All expenses we incur.

   **b.** Up to $1,000 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

   **c.** The cost of appeal bonds or bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

   **d.** All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $500 a day because of time off from work.

   **e.** All court costs taxed against the insured in the "suit". However, such costs do not include attorneys' fees, attorneys' expenses, witness or expert fees, or any other expenses of a party taxed to the insured.

   **f.** Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

   **g.** All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

   These payments will not reduce the limits of insurance.

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

   **a.** The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

   **b.** This insurance applies to such liability assumed by the insured;

   **c.** The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

   **d.** The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

   **e.** The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

   **f.** The indemnitee:

      **(1)** Agrees in writing to:

         **(a)** Cooperate with us in the investigation, settlement or defense of the "suit";

         **(b)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

         **(c)** Notify any other insurer whose coverage is available to the indemnitee; and

         **(d)** Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

      **(2)** Provides us with written authorization to:

         **(a)** Obtain records and other information related to the "suit"; and

         **(b)** Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **2.b.(2)** of Section **I** - Coverage **A** - Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

**a.** We have used up the applicable limit of insurance in the payment of judgments or settlements; or

**b.** The conditions set forth above, or the terms of the agreement described in Paragraph **f.** above, are no longer met.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00458-MRD-PAS     Document 1-1     Filed 11/06/24     Page 34 of 152 PageID #: 39

## SECTION II - WHO IS AN INSURED

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

   e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2. Each of the following is also an insured:

   a. **Employees And Volunteer Workers**

      Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

      However, none of these "employees" or "volunteer workers" are insureds for:

      (1) "Bodily injury" or "personal and advertising injury":

         (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

         (b) To the spouse, child, parent, brother or sister of that co-"employee" or that "volunteer worker" as a consequence of Paragraph **(1)(a)** above;

         (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(1)(b)** above; or

         (d) Arising out of his or her providing or failing to provide professional health care services.

      If you are not in the business of providing professional health care services:

         (a) Subparagraphs **(1)(a)**, **(1)(b)** and **(1)(c)** above do not apply to any "employee" or "volunteer worker" providing first aid services; and

         (b) Subparagraph **(1)(d)** above does not apply to any nurse, emergency medical technician or paramedic employed by you to provide such services.

      (2) "Property damage" to property:

         (a) Owned, occupied or used by,

         (b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

      you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

   b. **Real Estate Manager**

      Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

   c. **Temporary Custodians Of Your Property**

      Any person or organization having proper temporary custody of your property if you die, but only:

      (1) With respect to liability arising out of the maintenance or use of that property; and

      (2) Until your legal representative has been appointed.

   d. **Legal Representative If You Die**

      Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

   e. **Unnamed Subsidiary**

      Any subsidiary, and subsidiary thereof, of yours which is a legally incorporated entity of which you own a financial interest of more than 50% of the voting stock on the effective date of the Coverage Part.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

The insurance afforded herein for any subsidiary not named in this Coverage Part as a named insured does not apply to injury or damage with respect to which such insured is also a named insured under another policy or would be a named insured under such policy but for its termination or the exhaustion of its limits of insurance.

**3. Newly Acquired Or Formed Organization**

Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain financial interest of more than 50% of the voting stock, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.** Coverage under this provision is afforded only until the 180th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

**b.** Coverage **A** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

**c.** Coverage **B** does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

**4. Nonowned Watercraft**

With respect to watercraft you do not own that is less than 51 feet long and is not being used to carry persons for a charge, any person is an insured while operating such watercraft with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the watercraft, and only if no other insurance of any kind is available to that person or organization for this liability.

However, no person or organization is an insured with respect to:

**a.** "Bodily injury" to a co-"employee" of the person operating the watercraft; or

**b.** "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

**5. Additional Insureds When Required By Written Contract, Written Agreement Or Permit**

The following person(s) or organization(s) are an additional insured when you have agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement.

A person or organization is an additional insured under this provision only for that period of time required by the contract or agreement.

However, no such person or organization is an insured under this provision if such person or organization is included as an insured by an endorsement issued by us and made a part of this Coverage Part.

**a. Vendors**

Any person(s) or organization(s) (referred to below as vendor), but only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business and only if this Coverage Part provides coverage for "bodily injury" or "property damage" included within the "products-completed operations hazard".

**(1)** The insurance afforded the vendor is subject to the following additional exclusions:

This insurance does not apply to:

**(a)** "Bodily injury" or "property damage" for which the vendor is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the vendor would have in the absence of the contract or agreement;

**(b)** Any express warranty unauthorized by you;

**(c)** Any physical or chemical change in the product made intentionally by the vendor;

**(d)** Repackaging, except when unpacked solely for the purpose of inspection, demonstration, testing, or the substitution of parts under instructions from the manufacturer, and then repackaged in the original container;

**(e)** Any failure to make such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products;

**(f)** Demonstration, installation, servicing or repair operations, except such operations performed at the vendor's premises in connection with the sale of the product;

**(g)** Products which, after distribution or sale by you, have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor; or

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**(h)** "Bodily injury" or "property damage" arising out of the sole negligence of the vendor for its own acts or omissions or those of its employees or anyone else acting on its behalf. However, this exclusion does not apply to:

**(i)** The exceptions contained in Sub-paragraphs **(d)** or **(f)**; or

**(ii)** Such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products.

**(2)** This insurance does not apply to any insured person or organization, from whom you have acquired such products, or any ingredient, part or container, entering into, accompanying or containing such products.

**b. Lessors Of Equipment**

**(1)** Any person(s) or organization(s) from whom you lease equipment; but only with respect to their liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your maintenance, operation or use of equipment leased to you by such person(s) or organization(s).

**(2)** With respect to the insurance afforded to these additional insureds this insurance does not apply to any "occurrence" which takes place after the equipment lease expires.

**c. Lessors Of Land Or Premises**

Any person or organization from whom you lease land or premises, but only with respect to liability arising out of the ownership, maintenance or use of that part of the land or premises leased to you.

With respect to the insurance afforded these additional insureds the following additional exclusions apply:

This insurance does not apply to:

**1.** Any "occurrence" which takes place after you cease to lease that land; or

**2.** Structural alterations, new construction or demolition operations performed by or on behalf of such person or organization.

**d. Architects, Engineers Or Surveyors**

Any architect, engineer, or surveyor, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

**(1)** In connection with your premises; or

**(2)** In the performance of your ongoing operations performed by you or on your behalf.

With respect to the insurance afforded these additional insureds, the following additional exclusion applies:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by or for you, including:

**1.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**2.** Supervisory, inspection, architectural or engineering activities**.**

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional services by or for you.

**e. Permits Issued By State Or Political Subdivisions**

Any state or political subdivision, but only with respect to operations performed by you or on your behalf for which the state or political subdivision has issued a permit.

With respect to the insurance afforded these additional insureds, this insurance does not apply to:

**(1)** "Bodily injury", "property damage" or "personal and advertising injury" arising out of operations performed for the state or municipality; or

**(2)** "Bodily injury" or "property damage" included within the "products-completed operations hazard".

**f. Any Other Party**

Any other person or organization who is not an additional insured under Paragraphs **a.** through **e**. above, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

**(1)** In the performance of your ongoing operations;

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**(2)** In connection with your premises owned by or rented to you; or

**(3)** In connection with "your work" and included within the "products-completed operations hazard", but only if

**(a)** The written contract or agreement requires you to provide such coverage to such additional insured; and

**(b)** This Coverage Part provides coverage for "bodily injury" or "property damage" included within the "products-completed operations hazard".

However:

**(1)** The insurance afforded to such additional insured only applies to the extent permitted by law; and

**(2)** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

With respect to the insurance afforded to these additional insureds, this insurance does not apply to:

"Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

**(1)** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(2)** Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional services by or for you.

The limits of insurance that apply to additional insureds is described in Section **III** - Limits Of Insurance.

How this insurance applies when other insurance is available to the additional insured is described in the Other Insurance Condition in Section **IV** - Commercial General Liability Conditions.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III - LIMITS OF INSURANCE

1. **The Most We Will Pay**

   The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   **a.** Insureds;

   **b.** Claims made or "suits" brought; or

   **c.** Persons or organizations making claims or bringing "suits".

2. **General Aggregate Limit**

   The General Aggregate Limit is the most we will pay for the sum of:

   **a.** Medical expenses under Coverage **C**;

   **b.** Damages under Coverage **A,** except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   **c.** Damages under Coverage **B.**

3. **Products-Completed Operations Aggregate Limit**

   The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage **A** for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4. **Personal And Advertising Injury Limit**

   Subject to **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage **B** for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

5. **Each Occurrence Limit**

   Subject to **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   **a.** Damages under Coverage **A;** and

   **b.** Medical expenses under Coverage **C**

   because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. **Damage To Premises Rented To You Limit**

   Subject to **5.** above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, lightning or explosion, while rented to you or temporarily occupied by you with permission of the owner.

HG 00 01 09 16

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

In the case of damage by fire, lightning or explosion, the Damage to Premises Rented To You Limit applies to all damage proximately caused by the same event, whether such damage results from fire, lightning or explosion or any combination of these.

**7. Medical Expense Limit**

Subject to **5.** above, the Medical Expense Limit is the most we will pay under Coverage **C** for all medical expenses because of "bodily injury" sustained by any one person.

**8. How Limits Apply To Additional Insureds**

If you have agreed in a written contract or written agreement that another person or organization be added as an additional insured on your policy, the most we will pay on behalf of such additional insured is the lesser of:

**a.** The limits of insurance specified in the written contract or written agreement; or

**b.** The Limits of Insurance shown in the Declarations.

Such amount shall be a part of and not in addition to Limits of Insurance shown in the Declarations and described in this Section.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

**1. Bankruptcy**

Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a. Notice Of Occurrence Or Offense**

You or any additional insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b. Notice Of Claim**

If a claim is made or "suit" is brought against any insured, you or any additional insured must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You or any additional insured must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c. Assistance And Cooperation Of The Insured**

You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d. Obligations At The Insureds Own Cost**

No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**e. Additional Insureds Other Insurance**

If we cover a claim or "suit" under this Coverage Part that may also be covered by other insurance available to an additional insured, such additional insured must submit such claim or "suit" to the other insurer for defense and indemnity.

However, this provision does not apply to the extent that you have agreed in a written contract or written agreement that this insurance is primary and non-contributory with the additional insured's own insurance.

**f. Knowledge Of An Occurrence, Offense, Claim Or Suit**

Paragraphs **a.** and **b.** apply to you or to any additional insured only when such "occurrence", offense, claim or "suit" is known to:

**(1)** You or any additional insured that is an individual;

**(2)** Any partner, if you or the additional insured is a partnership;

**HG 00 01 09 16**

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**(3)** Any manager, if you or the additional insured is a limited liability company;

**(4)** Any "executive officer" or insurance manager, if you or the additional insured is a corporation;

**(5)** Any trustee, if you or the additional insured is a trust; or

**(6)** Any elected or appointed official, if you or the additional insured is a political subdivision or public entity.

This duty applies separately to you and any additional insured.

### 3. Legal Action Against Us

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

### 4. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when **b.** below applies. If other insurance is also primary, we will share with all that other insurance by the method described in **c.** below.

**b. Excess Insurance**

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

**(1) Your Work**

That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

**(2) Premises Rented To You**

That is fire, lightning or explosion insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(3) Tenant Liability**

That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner;

**(4) Aircraft, Auto Or Watercraft**

If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section **I** - Coverage A - Bodily Injury And Property Damage Liability;

**(5) Property Damage To Borrowed Equipment Or Use Of Elevators**

If the loss arises out of "property damage" to borrowed equipment or the use of elevators to the extent not subject to Exclusion **j.** of Section **I** - Coverage **A** - Bodily Injury And Property Damage Liability;

**(6) When You Are Added As An Additional Insured To Other Insurance**

Any other insurance available to you covering liability for damages arising out of the premises or operations, or products and completed operations, for which you have been added as an additional insured by that insurance; or

**(7) When You Add Others As An Additional Insured To This Insurance**

Any other insurance available to an additional insured.

However, the following provisions apply to other insurance available to any person or organization who is an additional insured under this coverage part.

**(a) Primary Insurance When Required By Contract**

This insurance is primary if you have agreed in a written contract or written agreement that this insurance be primary. If other insurance is also primary, we will share with all that other insurance by the method described in **c.** below.

**(b) Primary And Non-Contributory To Other Insurance When Required By Contract**

If you have agreed in a written contract, written agreement, or permit that this insurance is primary and non-contributory with the additional insured's own insurance, this insurance is primary and we will not seek contribution from that other insurance.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Paragraphs **(a)** and **(b)** do not apply to other insurance to which the additional insured has been added as an additional insured.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c.  Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**5.  Premium Audit**

**a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

**c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**6.  Representations**

**a.  When You Accept This Policy**

By accepting this policy, you agree:

**(1)** The statements in the Declarations are accurate and complete;

**(2)** Those statements are based upon representations you made to us; and

**(3)** We have issued this policy in reliance upon your representations.

**b.  Unintentional Failure To Disclose Hazards**

If unintentionally you should fail to disclose all hazards relating to the conduct of your business that exist at the inception date of this Coverage Part, we shall not deny coverage under this Coverage Part because of such failure.

**7.  Separation Of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

**a.** As if each Named Insured were the only Named Insured; and

**b.** Separately to each insured against whom claim is made or "suit" is brought.

**8.  Transfer Of Rights Of Recovery Against Others To Us**

**a.  Transfer Of Rights Of Recovery**

If the insured has rights to recover all or part of any payment, including Supplementary Payments, we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

**b.  Waiver Of Rights Of Recovery (Waiver Of Subrogation)**

If the insured has waived any rights of recovery against any person or organization for all or part of any payment, including Supplementary Payments, we have made under this Coverage Part, we also waive that right, provided the insured waived their rights of recovery against such person or organization in a contract, agreement or permit that was executed prior to the injury or damage.

**9.  When We Do Not Renew**

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

## SECTION V - DEFINITIONS

1. **"Advertisement"** means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

  **a. (1)** Radio;

    **(2)** Television;

    **(3)** Billboard;

    **(4)** Magazine;

    **(5)** Newspaper; or

  **b.** Any other publication that is given widespread public distribution.

However, "advertisement" does not include:

  **a.** The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or

  **b.** An interactive conversation between or among persons through a computer network.

2. **"Advertising idea"** means any idea for an "advertisement".

3. **"Asbestos hazard"** means an exposure or threat of exposure to the actual or alleged properties of asbestos and includes the mere presence of asbestos in any form.

4. **"Auto"** means:

  **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

  **b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

5. **"Bodily injury"** means physical:

  **a.** Injury;

  **b.** Sickness; or

  **c.** Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

6. **"Coverage territory"** means:

  **a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

  **b.** International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

  **c.** All other parts of the world if the injury or damage arises out of:

    **(1)** Goods or products made or sold by you in the territory described in **a.** above;

    **(2)** The activities of a person whose home is in the territory described in **a.** above, but is away for a short time on your business; or

    **(3)** "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication

provided the insured's responsibility to pay damages is determined in the United States of America (including its territories and possessions), Puerto Rico or Canada, in a "suit" on the merits according to the substantive law in such territory or in a settlement we agree to.

7. **"Employee"** includes a "leased worker". "Employee" does not include a "temporary worker".

8. **"Employment-Related Practices"** means:

  **a.** Refusal to employ that person;

  **b.** Termination of that person's employment; or

  **c.** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person.

9. **"Executive officer"** means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

10. **"Hostile fire"** means one which becomes uncontrollable or breaks out from where it was intended to be.

11. **"Impaired property"** means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

  **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

  **b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work", or your fulfilling the terms of the contract or agreement.

12. **"Insured contract"** means:

  **a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire, lightning or explosion to premises while rented to you or temporarily occupied by you with permission of the owner is subject to the Damage to

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Premises Rented To You Limit described in Section **III** - Limits of Insurance;

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, including an easement or license agreement in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** includes that part of any contract or agreement that indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing.

However, Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(2)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(1)** above and supervisory, inspection, architectural or engineering activities.

**13.** **"Leased worker"** means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**14.** **"Loading or unloading"** means the handling of property:

**a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

**b.** While it is in or on an aircraft, watercraft or "auto"; or

**c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

**15.** **"Mobile equipment"** means any of the following types of land vehicles, including any attached machinery or equipment:

**a.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**b.** Vehicles maintained for use solely on or next to premises you own or rent;

**c.** Vehicles that travel on crawler treads;

**d.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

**(1)** Power cranes, shovels, loaders, diggers or drills; or

**(2)** Road construction or resurfacing equipment such as graders, scrapers or rollers;

**e.** Vehicles not described in **a., b., c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

**(1)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

**(2)** Cherry pickers and similar devices used to raise or lower workers;

**f.** Vehicles not described in **a., b., c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

**(1)** Equipment designed primarily for:

**(a)** Snow removal;

**(b)** Road maintenance, but not construction or resurfacing; or

**(c)** Street cleaning;

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**(2)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

**(3)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, "mobile equipment" does not include any land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

16. **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. **"Personal and advertising injury"** means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral, written or electronic publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral, written or electronic publication, in any manner, of material that violates a person's right of privacy;

**f.** Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement"; or

**g.** Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement".

18. **"Pollutants"** mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

19. **"Products-completed operations hazard"**:

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

20. **"Property damage"** means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

As used in this definition, computerized or electronically stored data, programs or software are not tangible property. Electronic data means information, facts or programs:

**a.** Stored as or on;

**b.** Created or used on; or

**c.** Transmitted to or from;

computer software, including systems and applications software, hard or floppy disks, CD-

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

21. **"Suit"** means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

22. **"Temporary worker"** means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

23. **"Volunteer worker"** means a person who

    **a.** Is not your "employee";

    **b.** Donates his or her work;

    **c.** Acts at the direction of and within the scope of duties determined by you; and

    **d.** Is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

24. **"Your product"**:

    **a.** Means:

      **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(a)** You;

        **(b)** Others trading under your name; or

        **(c)** A person or organization whose business or assets you have acquired; and

      **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes

      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

      **(2)** The providing of or failure to provide warnings or instructions.

    **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

25. **"Your work"**:

    **a.** Means:

      **(1)** Work or operations performed by you or on your behalf; and

      **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes

      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

      **(2)** The providing of or failure to provide warnings or instructions.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00458-MRD-PAS    Document 1-1    Filed 11/06/24    Page 45 of 152 PageID #: 50

# Exhibit 2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAY BLAHNIK INC.,                                :
                                                 :
                    Plaintiff,                   :
                                                 :
v.                                               :          C.A. No.
                                                 :
WATERROWER INC.,                                 :
                                                 :
                    Defendant.                   :
_____            :

## COMPLAINT

Plaintiff Jay Blahnik, Inc. ("JBInc." or "Plaintiff") brings this action against Defendant WaterRower Inc. ("WaterRower") for copyright infringement.  By this Complaint, JBInc. seeks injunctive relief and damages and alleges as follows:

## THE PARTIES

1.      JBInc. is a California corporation with a principal place of business at 38 Dolores #805, San Francisco, CA 94103.

2.      WaterRower is a Rhode Island corporation with a principal place of business at 560 Metacom Avenue, Warren, Rhode Island 02885.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over WaterRower and venue is properly laid in this Court under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400 inasmuch as WaterRower is a Rhode Island corporation, solicits and/or transacts business within this judicial district, derives revenue from the sale and/or distribution of goods and services into Rhode Island, and/or has otherwise made or established constitutionally sufficient contacts in this judicial district to permit this Court's exercise of personal jurisdiction.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## FACTS

5.      JBInc. is the creator and owner of certain intellectual property in the fitness space,

particularly rowing techniques and tutorials in various media in connection with the Indo-Row®

trademark and programming, and the Shockwave marks.

6.      WaterRower is in the business of manufacturing and selling fitness equipment,

including rowing machines.

7.      On or around December 31, 2007, JBInc. first created and published the

Indo-Row Instructor Training Manual.  A select portion of JBInc.'s original Indo-Row Instructor

Training Manual is attached hereto as Exhibit 1.

8.      The Indo-Row Instructor Training Manual teaches an original method of rowing

on a rowing machine that "simplif[ies] the process of learning the rowing stroke and mak[ing]

indoor rowing less intimidating to new participants." Ex. 1 at 1.  It breaks down the rowing

stroke according to a "3 x 3 philosophy," in which (1) the order of the rower's movements is

legs, core, then arms; (2) the power of the rower's movements is distributed 60% to the legs,

20% to the core, and 20% to the arms; and (3) the timing of the stroke is one count out to two

counts in.



9.      JBInc. applied for, and the United States Copyright Office issued, U.S. Copyright

Registration No. TX 8-910-547 for aspects of the Indo-Row Instructor Training Manual.  A true

copy of JBInc.'s Certificate of Copyright Registration is attached hereto as Exhibit 2.

10.      On or around December 31, 2011, JBInc. first created and published the Indo-

Row Rowing Tutorial.  The Indo-Row Rowing Tutorial is an approximately six-minute video

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00438-WRD2PAS Document 1 Filed 01/14/21/P6/243 of Page 48 of 153 PageID #: 53

featuring Jay Blahnik and Joshua Crosby. Mr. Blahnik is one of the industry's premier group fitness program developers. Mr. Crosby is a World Champion rower. In the Indo-Row Rowing Tutorial, Mr. Blahnik teaches the original rowing techniques published in the Indo-Row Instructor Training Manual, while Mr. Crosby demonstrates on a rowing machine alongside him. Mr. Blahnik also provides several examples of common mistakes that Mr. Crosby also demonstrates.

11.     JBInc. applied for, and the United States Copyright Office issued, U.S. Copyright Registration No. PA 2-266-894 for the Indo-Row Rowing Tutorial. A copy of JBInc.'s Certificate of Copyright Registration is attached hereto as Exhibit 3. JBInc.'s copyrights in the Indo-Row Instructor Training Manual and the Indo-Row Rowing Tutorial are collectively referred to herein as the "Indo-Row Works."

12.     Although basic rowing techniques have been taught by trainers and coaches for years, Mssrs. Crosby and Blahnik first created the specific technique embodied by the Indo-Row Works.

13.     In 2013, JBInc., along with Messrs. Crosby and Blahnik, entered into a "Licensing/Commission Agreement" with WaterRower (the "License Agreement"). Prior to entering into the License Agreement, WaterRower had not taught, applied or otherwise used the original techniques embodied by the Indo-Row Works.

14.     Under the License Agreement, JBInc. granted WaterRower the exclusive, worldwide right to use certain intellectual property owned by JBInc. in connection with the manufacture, promotion, distribution and sale of rowing machines manufactured and/or sold by WaterRower.

15.     On September 30, 2017, the License Agreement terminated.

3

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

16.     By letter dated August 21, 2017, JBInc. reminded WaterRower of its obligations post-termination of the License Agreement.  A true copy of the August 21, 2017 letter is attached hereto as Exhibit 4.  Specifically, JB advised WaterRower to cease distribution and sale of Indo-Row and ShockWave workout videos as well as "use of all IndoRow and ShockWave intellectual property (other than as provided in Section 2.14) as of the termination date."

17.     In its response, on August 22, 2017, WaterRower acknowledged that it "is in agreement that Section 2.14 of the 2013 License Agreement ("Agreement") applies only to WaterRower Products, and such term does not include Indorow [sic] or Shock Wave [sic] workout videos. WaterRower shall cease selling the Indorow [sic] and/or Shock Wave [sic] workout videos on or before September 30, 2017."  A true copy of the August 22, 2017 letter is attached hereto as Exhibit 5.

18.     WaterRower represented that it "shall cease using Indorow [sic] Intellectual Property on or before September 30, 2017."

**Defendant's Copyright Infringements**

19.     WaterRower is publishing and distributing, without JBInc.'s authorization, license or consent, an instructional rowing video entitled "WaterRower: How to Row" (the "How to Row Video") that is substantially similar to the Indo-Row Works.  The How to Row Video is an approximately six-minute video featuring an instructor teaching indoor rowing techniques while a rower demonstrates on a rowing machine alongside him.  The How to Row Video also provides several examples of common mistakes, which the rower also demonstrates.

20.     WaterRower has published the How to Row Video on video hosting websites, including, but not limited to, YouTube and Vimeo.

21.     WaterRower's How to Row Video infringes JBInc.'s copyrights in the Indo-Row Works.  Specifically, the content of the How to Row Video is substantially similar to that of the

4

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Indo-Row Works. The infringing video pirates the principles, terminology, techniques and delivery embodied by the Indo-Row Works, as illustrated by the attached table that compares representative excerpts of the content of the How to Row Video and the Indo-Row Works. Exhibit 6.

22. On July 1, 2020, JBInc. sent a letter to WaterRower informing it that the How to Row Video infringes JBInc.'s copyright rights in the Indo-Row Works, demanding that WaterRower immediately take down the How to Row Video from YouTube and any other video hosting sites and cease and desist all use of the Indo-Row Works. A true copy of the July 1, 2020 letter to WaterRower is attached hereto as Exhibit 7.

23. On July 14, 2020, WaterRower responded to JBInc.'s letter, stating that it "refuse[d] to comply with [JBInc.'s] demands." A true copy of the July 14, 2020 letter is attached hereto as Exhibit 8.

24. In view of WaterRower's continued infringement, JBInc. sent a follow-up letter on December 10, 2020, informing WaterRower of the issuance of the copyright registrations in the Indo-Row Works and that JBInc. notified YouTube of WaterRower's copyright violations by filing a complaint pursuant to the Digital Millennium Copyright Act ("DMCA"). A true copy of the December 10, 2020 letter to WaterRower is attached hereto as Exhibit 9.

25. On January 1, 2021, JBInc. received notification that WaterRower filed a DMCA counter-notification with YouTube. A true copy of the counter-notification is attached hereto as Exhibit 10.

26. On January 8, 2021, JBInc. notified Vimeo.com of copyright violations in connection with a How to Row Video by filing a complaint pursuant to the DMCA. A true copy of the January 8, 2021 DMCA complaint is attached hereto as Exhibit 11.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

27.     WaterRower's unauthorized and continuing use of JBInc.'s Indo-Row Works has caused JBInc. to suffer damages.  It has no adequate remedy at law.

## COUNT I
### Copyright Infringement – Indo-Row Instructor Training Manual
### (Violation of 17 U.S.C. § 101)

28.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 27 as if fully set forth herein.

29.     JBInc. is the owner of a valid United States copyright registration in aspects of the Indo-Row Instructor Training Manual.

30.     WaterRower has infringed and, unless enjoined, has continued to infringe, JBInc.'s copyright by copying protectable elements of the Indo-Row Instructor Training Manual that are original, and has published on YouTube and other video hosting websites a video bearing those elements without approval or authorization from Plaintiff.

31.     WaterRower's acts are intentional, willful and in bad faith.

32.     WaterRower's acts have caused, and are causing, irreparable harm and damage to JBInc. and, unless enjoined, said irreparable injury will continue.

33.     JBInc. has been damaged thereby.

## COUNT II
### Copyright Infringement – Indo-Row Rowing Tutorial
### (Violation of 17 U.S.C. § 101)

34.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 33 as if fully set forth herein.

35.     JBInc. is the owner of a valid United States copyright registration in the Indo-Row Rowing Tutorial.

36.     WaterRower has infringed and, unless enjoined, has continued to infringe, JBInc.'s copyright by copying protectable elements of the Indo-Row Rowing Tutorial that are

6

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00158-MRD-PAS Document 1 Filed 01/14/21 Page 7 of Page 52 of 152 PageID #: 57

original and has published on YouTube and other video hosting websites a video bearing those elements without approval or authorization from Plaintiff.

37.    WaterRower's acts are intentional, willful and in bad faith.

38.    WaterRower's acts have caused, and are causing, irreparable harm and damage to JBInc. and, unless enjoined, said irreparable injury will continue.

39.    JBInc. has been damaged thereby.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

A.    That WaterRower, and each of its successors and assigns, officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be temporarily, preliminarily and permanently enjoined and restrained from copying, preparing derivate works based on, or otherwise infringing Plaintiff's copyrighted materials, including but not limited to the Indo-Row Works;

B.    That WaterRower pay JBInc. the actual damages suffered by it as a result of each infringement, and any profits of WaterRower that are attributable to the infringements;

C.    That WaterRower be ordered to recall from any and all video hosting website any and all WaterRower videos that are substantially similar to Plaintiff's copyrighted materials, including but not limited to the Indo-Row Works;

D.    That WaterRower be ordered to turn over to Plaintiff for destruction all copies of the How to Row Video and/or any other documents, electronically-stored data and things in its possession, custody or control that are substantially similar to Plaintiff's copyrighted materials, including but not limited to the Indo-Row Works; and

7

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

E. That Plaintiff be awarded such other and further relief as the Court may deem just

and proper.

**PLAINTIFF HEREBY DEMAND A TRIAL BY JURY
FOR ALL ISSUES SO TRIABLE.**

JAY BLAHNIK, INC.

By its attorneys,

*/s/ Craig M. Scott*

Craig M. Scott (#4237)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI  02903
(401) 274-2000 Phone
cscott@hinckleyallen.com

Dated:  January 14, 2021

8

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 1

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



To simplify the process of learning the rowing stroke and make indoor rowing less intimidating to new participants, the Indo-Row program views, cues and teaches the stroke according to this simple 3 x 3 philosophy:



## 3 X 3

| Legs | Core | Arms |
| --- | --- | --- |
| = 60% | = 20% | = 20% |

1 Count →

← 2 Counts

**In addition, here are 5 photos animating the complete rowing stroke in motion.**



11

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# Certificate of Registration





This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**TX 8-910-547**

**Effective Date of Registration:**
November 12, 2020
**Registration Decision Date:**
November 16, 2020

## Title

**Title of Work:** 3x3

**Title of Larger Work:** Indo-Row Instructor Training Manual

## Completion/Publication

**Year of Completion:** 2007
**Date of 1st Publication:** December 31, 2007
**Nation of 1st Publication:** United States

## Author

- **Author:** Jay Blahnik, Inc.
  **Author Created:** text, photograph(s), artwork
  **Work made for hire:** Yes
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Jay Blahnik, Inc.
38 Dolores, #805, San Francisco, CA, 94103, United States
**Transfer statement:** By written agreement

## Rights and Permissions

**Organization Name:** Jay Blahnik, Inc.
**Address:** 38 Dolores
#805
San Francisco, CA 94103 United States

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## Certification _____

        **Name:**   Alexander P. Montgomery
        **Date:**   November 09, 2020

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 3

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**Registration Number**

# PA 2-266-894

**Effective Date of Registration:**
December 01, 2020
**Registration Decision Date:**
December 04, 2020

## Title

**Title of Work:**   Indo-Row Rowing Tutorial

## Completion/Publication

**Year of Completion:**   2011
**Date of 1st Publication:**   December 31, 2011
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Jay Blahnik, Inc.
  **Author Created:**   entire motion picture
  **Work made for hire:**   Yes
  **Citizen of:**   United States
  **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Jay Blahnik, Inc.
38 Dolores, #805, San Francisco, CA, 94103, United States
**Transfer statement:**   By written agreement

## Limitation of copyright claim

**Material excluded from this claim:**   preexisting music

**New material included in claim:**   all other cinematographic material

## Rights and Permissions

**Organization Name:**   Jay Blahnik, Inc.
**Address:**   38 Dolores
#805
San Francisco, CA 94103 United States

Page 1 of 2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## Certification

**Name:**   Alexander P. Montgomery
**Date**:   November 09, 2020

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 4

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**HINCKLEY ALLEN**

100 Westminster Street, Suite 1500
Providence, RI 02903-2319

p: 401-274-2000   f: 401-277-9600
hinckleyallen.com

**David A. Wollin**
dwollin@hinckleyallen.com
Direct Dial: 401-457-5356

August 21, 2017

**VIA EMAIL AND FIRST CLASS MAIL**

Steven Rosenbaum, Esq.
Poore & Rosenbaum LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903

**Re:    WaterRower, Inc./Jay Blahnik, Inc. Agreement Termination**

Dear Steve:

As you know, by letter dated March 28, 2017, WaterRower provided notice of terminating the relationship with my clients as of September 30, 2017 pursuant to Section 10.1 of the April 1, 2013 Agreement.  As you may know, Jay Blahnik sent an e-mail to Peter King and David Jones on August 8th raising certain details concerning termination.  My clients are also in receipt of David Jones' recent e-mail response to that e-mail.  While my clients have raised various unresolved issues about WaterRower's performance under the 2013 Agreement (including their right to a full accounting and all commissions due) and continue to reserve all rights, as Mr. Blahnik's August 8th e-mail indicates, my clients also would like to ensure a smooth transition as the 2013 Agreement comes to an end.

First, it is our understanding that Section 2.14 of the 2013 Agreement applies to "WaterRower Products," that is rowing machines, not workout videos.  Accordingly, upon termination, WaterRower should cease distribution and sale of IndoRow and ShockWave workout videos.  WaterRower may continue to sell "WaterRower Products to which the IndoRow Trademark or ShockWave Trademark was attached prior to the date of termination."  If WaterRower does so, it must pay my clients all commissions owed for those sales within 30 days after the end of this six month post-termination period.

Second, WaterRower should cease use of all IndoRow and ShockWave intellectual property (other than as provided in Section 2.14) as of the termination date.

▶ ALBANY ▶ BOSTON ▶ CONCORD ▶ HARTFORD ▶ NEW YORK ▶ PROVIDENCE

HINCKLEY, ALLEN & SNYDER LLP, ATTORNEYS AT LAW

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Steven Rosenbaum, Esq.
August 21, 2017
Page 2

Third, my clients agree that WaterRower may retain one copy of all Indo-Row and Shockwave workout videos. However, WaterRower must destroy or return all other copies of these videos, including master copies, by the termination date. My clients request that WaterRower provide written confirmation once masters and copies of IndoRow and Shockwave workout videos are returned or destroyed.

Fourth, pursuant to Section 11.2(c) of the 2013 Agreement, please let us know whether WaterRower would like any WaterRower samples, advertising, promotional, or sales materials returned, or whether WaterRower would prefer that my clients dispose of them.

Finally, we are willing to discuss the form of notice that my clients intend to provide their Indo-Row and Shockwave Master Trainers and their Health Club contacts concerning the end of their partnership with WaterRower.

Once again, the foregoing is without waiver of my clients' right to pursue the outstanding issues we have raised previously and remain unresolved as of this date.

Very truly yours,

David A. Wollin

DAW:cw

cc:      Julie LaFond

▶ ALBANY ▶ BOSTON ▶ CONCORD ▶ HARTFORD ▶ NEW YORK ▶ PROVIDENCE

HINCKLEY, ALLEN & SNYDER LLP, ATTORNEYS AT LAW

57120804 v2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 5

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# POORE & ROSENBAUM LLP

## ATTORNEYS AT LAW

WILLIAM A. POORE
STEVEN ROSENBAUM*
CHRISTOPHER J. O'CONNOR

*Also licensed in MA

Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: 401-831-2600
Facsimile: 401-831-2220

August 22, 2017

**VIA EMAIL**

David A. Wollin, Esq.
Hinckley, Allen & Synder LLP
100 Westminster Street
Providence, Rhode Island 02903

Re: WaterRower, Inc./Jay Blahnik, Inc.

Dear David:

Thank you for your letter of August 21, 2017. Please accept this letter as WaterRower's response to the various points set forth therein.

1. WaterRower is in agreement that Section 2.14 of the 2013 License Agreement ("Agreement") applies only to WaterRower Products, and such term does not include Indorow or Shock Wave workout videos. WaterRower shall cease selling the Indorow and/or Shock Wave workout videos on or before September 30, 2017.

2. WaterRower shall cease using Indorow Intellectual Property on or before September 30, 2017.

3. The Agreement does not require WaterRower to destroy or return master and/or copies of the workout videos. Notwithstanding, WaterRower agrees that it will have the master and copies (all but one copy of each workout video) of the workout video destroyed and will provide written confirmation of the same.

4. WaterRower requests that your client dispose of its samples, advertising and promotional materials and provide notice to WaterRower when this has been completed.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

5.  At this time, since your client has already begun informing joint relationships of the termination of the Agreement, WaterRower will just send its own notice out.

Regards,

Steven Rosenbam

cc: David Jones

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 6

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**Table Comparing Representative Excerpts of the Dialogue from the How to Row Video,
the Language in the Indo-Row Instructor Training Manual, and
the Dialogue from the Indo-Row Rowing Tutorial**

| Indo-Row Rowing Tutorial | WaterRower How to Row Video | Indo-Row Instructor Training Manual |
|---|---|---|
| But the first thing that Josh is doing perfectly is the **order**. **Many people believe that the legs, the core, and the arms all push and pull at one time** because it's a total body activity. **But in rowing, it's actually a linear progression.** (0:51–1:04) | As Will starts to row, you'll notice there's a distinct **order**. **Most people when they start to row get it slightly wrong by thinking that the arms, the core, and the legs all move at the same time, where in fact there is a particular order.** (1:39–1:52) | Legs            Core            Arms |
| **The order** is very specific. **It is legs first, then core, then arms. Then arms, then core, then legs. Let's look at that again. Legs first, then core, then arms. Then arms, then core, then legs.** (1:10–1:28) | . . . **[T]he Order** is simple. **Arms, core, legs.** And then once you get to the catch, it's simply reversed. **Legs, core, arms.** . . . **Arms, core, legs. Legs, core, arms.** (1:55–2:21) | Legs            Core            Arms |
| Here's an example of somebody who's **bending their knees before they've completely straightened their arms**. So you see what Josh has to do is **he has to lift the handle up and over his knees** with every single stroke he takes. (2:09–2:21) | Often, people make little mistakes when they first start out, such as this one where **the knees are coming up too fast and the arms and the core aren't rocking over**, so **he's having to go over those knees**. (2:27–2:39) | n/a |

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

| Indo-Row Rowing Tutorial | WaterRower How to Row Video | Indo-Row Instructor Training Manual |
|---|---|---|
| So Josh is going to give you an example of **who's leaning back a little early**. Right here what you see him doing is, **he's trying to initiate through his core before he's actually straightened his knees completely**. And again, what's going to happen there is **he won't get as much power** because he's trying to use his back when his legs haven't finished the job. (1:46–2:03) | In this second example of what people often do wrong, it's **where they open up too soon**. They're not generating enough power from the legs, so **they're pulling back using their upper body and their core too early before their legs have fully extended** as Will is about to demonstrate. It takes some of the power away so **you're not generating as much power as you could**. (2:50–3:11) | n/a |
| **The second thing that's important to remember is power**. . . . If we broke it down, it would be **60% of the power in your legs, 20% in your core, and 20% in your arms. So think 60-20-20.** (2:46–3:08) | **[T]he next thing to focus on is power**. Of all the work in the stroke, **60% of the power is going to come from the legs**. . . . Next up we have **the core, which makes up 20%**. . . . and then **the arms last of all doing the last 20%**. (3:15–3:49) | = 60%          = 20%          = 20% |

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

| Indo-Row Rowing Tutorial | WaterRower How to Row Video | Indo-Row Instructor Training Manual |
|---|---|---|
| Josh will show you what someone looks like when **they're trying to do all of the work with their arms**. . . . Now, you'll get pretty good numbers for a few seconds, but your arms are going to get very tired very quickly, and many people find if they do this they can't last on the rower more than a couple of minutes. So when you're rowing, remember the power distribution. **Put most of it in the legs, push with the thighs, then lean back, then pull with about 20% in the core and 20% in the arms. It should feel like you're rowing with 60-20-20, and it should look like you're rowing with 60-20-20.** (3:21–4:00) | A common mistake made by **new rowers is generate too much power from the arms** as Will is about to demonstrate. It's not efficient in the power output. **We want to use our big muscles, our legs providing 60% as we said before. To recap the power distribution, you want 60% legs, 20% core, and 20% arms.** (3:53–4:15) | = 60%          = 20%          = 20% |
| **Now there's the third step, and that is the Timing. . . . Rowing is actually a 3-count movement. So the movement's actually 1 out, 2 counts in. 1, 2, 3. 1, 2, 3. And even if you're rowing faster, you still want to protect that ratio of 1, 2, 3.** (4:01–4:33) | **The third and final element we're going to look at in this tutorial is Timing. . . . You want a 2:1 ratio. For every second on the drive, take two seconds for the recovery. . . . 1, 1, 2. 1, 1, 2. 1, 1, 2. . . . However fast you're trying to row, it's important to maintain that 2:1 ratio within the stroke.** (4:15–5:15) | 1 Count ——————————→  ←—————————— 2 Counts |

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

| Indo-Row Rowing Tutorial | WaterRower How to Row Video | Indo-Row Instructor Training Manual |
|---|---|---|
| A lot of people get on rowing machines, and they do what we call a **1:1 ratio where they run 1 count out and then 1 count in**. . . . If you row too quickly, and you don't give yourself that 2-count recovery, you think your power's going to be bigger in the long run, but **you actually see your power fade** because you don't give your body enough recovery on that powerful drive. (4:04–5:19) | If you rush too much and you're going **1:1, 1 second on the drive, 1 second on the recovery**, **you're not going to get the same amount of power and efficiency from each stroke**. (4:51–5:01) | |
| So those are the 3 most important things. **Get the Order right. Legs, core, arms. Get the Power right. 60-20-20. Legs, core, arms. And then get the timing right. 1 out on the drive and 2 coming in on the recovery.** (5:29–5:43) | To recap, we've looked at three technical points to get the most out of your rowing workout. **One, the order in which the rowing stroke should be executed. Arms, core, legs. Legs, core, arms. Two, the way in which you should apply the power. 60% in the legs, 20% in the core, and 20% in the arms. And three, the timing. One second on the drive and two seconds on the recovery.** (5:26–6:00) | |

60623002 v1

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 7

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



100 Westminster Street, Suite 1500
Providence, RI 02903-2319

p: 401-274-2000  f: 401-277-9600
hinckleyallen.com

*Craig M. Scott*
*cscott@hinckleyallen.com*

July 1, 2020

<u>*Via Regular Mail and Email*</u>
Steven Rosenbaum, Esq.
Poore & Rosenbaum LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903

      Re:     <u>**Infringement of Jay Blahnik, Inc.'s Intellectual Property Rights**</u>

Dear Steve:

This firm represents Jay Blahnik, Inc. ("JBInc.") in intellectual property matters. As you are aware, JBInc. is the owner of copyrightable rights in programming and marketing materials related to Indo-Row and ShockWave, including:

- audio, video or printed materials including music scores and sheets and choreography related in whole or in part to JBInc.'s fitness program using rowing machines named/branded "Indo-Row" or "ShockWave" ("Indo-Row Programming"); and

- marketing materials relating to the Indo-Row Programming including manuals, PowerPoint presentations, logos and the website ("Indo-Row Marketing Materials").

Our client recently learned that WaterRower Inc. ("WaterRower") posted an instructional rowing video to YouTube entitled "WaterRower: How to Row" that is substantially similar to certain Indo-Row Programming and/or Indo-Row Marketing Materials, including but not limited to the Indo-Row Rowing Tutorial, the Indo-Row Instructor Training Manual, and the ShockWave Instructor Training Manual. *See* WaterRower Rowing Machines, *WaterRower: How to Row*, YOUTUBE, https://www.youtube.com/watch?v= HCo9_CXoJj0 ("WaterRower YouTube Video"). A table comparing representative excerpts of the dialogue from the WaterRower YouTube Video and the Indo-Row Rowing Tutorial is attached as <u>Exhibit A</u>. Representative excerpts of the Indo-Row Instructor Training Manual and the ShockWave Instructor Training Manual are also attached as <u>Exhibit B</u> and <u>Exhibit C</u>, respectively.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Steven Rosenbaum, Esq.
July 1, 2020
Page 2

The WaterRower YouTube Video infringes JBInc.'s copyrights in violation of Sections 106 and 501 of the U.S. Copyright Act.  Therefore, we hereby demand that your client:

1.      Immediately take down the WaterRower YouTube Video from YouTube and any other video hosting websites;

2.      Destroy all the copies of the WaterRower YouTube Video in your possession and certify the destruction thereof to JBInc.;

3.      Account for the extent of traffic to the WaterRower YouTube Video since its posting, along with the extent of any sales made by you in connection with the WaterRower YouTube Video, and any other use of the Indo-Row Programming and/or Indo-Row Marketing Materials (including payments received, the number of customers, and the gross revenue from each);

4.      Cease and desist all use of the Indo-Row Programming and Indo-Row Marketing Materials, including all use substantially similar to the Indo-Row Programming and/or Indo-Row Marketing Materials, such as any use of JBInc.'s 3 X 3 method; and

5.      Confirm your intention to comply with the foregoing no later than five (5) business days following receipt of this letter.

The above is not an exhaustive statement of all the relevant facts and law.  JBInc. expressly reserves all of its legal and equitable rights and remedies, including the right to seek injunctive relief and recover monetary damages, attorney's fees, and costs.

Very truly yours,

*/s/ Craig M. Scott*

Craig M. Scott

Enclosures
cc:  Jay Blahnik, Inc. (w/enclosures, via electronic mail)
    David Wollin, Esq. (w/enclosures)

▶ ALBANY ▶ BOSTON ▶ CHICAGO ▶ HARTFORD ▶ MANCHESTER ▶ NEW YORK ▶ PROVIDENCE

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## Exhibit A

Table Comparing Representative Excerpts of Dialogue from
WaterRower YouTube Video and Indo-Row Rowing Tutorial

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

| **WaterRower YouTube Video** | **Indo-Row Rowing Tutorial** |
|---|---|
| But the first thing that Josh is doing perfectly is the **order**. **Many people believe that the legs, the core, and the arms all push and pull at one time** because it's a total body activity. **But in rowing, it's actually a linear progression.** (0:51–1:04) | As Will starts to row, you'll notice there's a distinct **order**. **Most people when they start to row get it slightly wrong by thinking that the arms, the core, and the legs all move at the same time, where in fact there is a particular order.** (1:39–1:52) |
| **The order** is very specific. **It is legs first, then core, then arms. Then arms, then core, then legs. Let's look at that again. Legs first, then core, then arms. Then arms, then core, then legs.** (1:10–1:28) | . . . **[T]he Order** is simple. **Arms, core, legs.** And then once you get to the catch, it's simply reversed. **Legs, core, arms.** . . . **Arms, core, legs. Legs, core, arms.** (1:55–2:21) |
| Here's an example of somebody who's **bending their knees before they've completely straightened their arms**. So you see what Josh has to do is **he has to lift the handle up and over his knees** with every single stroke he takes. (2:09–2:21) | Often, people make little mistakes when they first start out, such as this one where **the knees are coming up too fast and the arms and the core aren't rocking over**, so **he's having to go over those knees**. (2:27–2:39) |
| So Josh is going to give you an example of **who's leaning back a little early**. Right here what you see him doing is, **he's trying to initiate through his core before he's actually straightened his knees completely**. And again, what's going to happen there is **he won't get as much power** because he's trying to use his back when his legs haven't finished the job. (1:46–2:03) | In this second example of what people often do wrong, it's **where they open up too soon**. They're not generating enough power from the legs, so **they're pulling back using their upper body and their core too early before their legs have fully extended** as Will is about to demonstrate. It takes some of the power away so **you're not generating as much power as you could**. (2:50–3:11) |
| **The second thing that's important to remember is power**. . . . If we broke it down, it would be **60% of the power in your legs, 20% in your core, and 20% in your arms. So think 60-20-20.** (2:46–3:08) | **[T]he next thing to focus on is power**. Of all the work in the stroke, **60% of the power is going to come from the legs**. . . . Next up we have **the core, which makes up 20%**. . . . and then **the arms last of all doing the last 20%**. (3:15–3:49) |
| Josh will show you what someone looks like when **they're trying to do all of the work with their arms**. . . . Now, you'll get pretty good numbers for a few seconds, but your arms are going to get very tired very quickly, and many people find if they do this they can't last on the rower more than a couple of minutes. So when you're rowing, remember the power distribution. **Put most of it in the legs, push with the thighs, then lean back, then pull** | A common mistake made by **new rowers is generate too much power from the arms** as Will is about to demonstrate. It's not efficient in the power output. **We want to use our big muscles, our legs providing 60% as we said before. To recap the power distribution, you want 60% legs, 20% core, and 20% arms.** (3:53–4:15) |

1

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

| WaterRower YouTube Video | Indo-Row Rowing Tutorial |
|---|---|
| **with about 20% in the core and 20% in the arms. It should feel like you're rowing with 60-20-20, and it should look like you're rowing with 60-20-20.** (3:21–4:00) | |
| **Now there's the third step, and that is the Timing. . . . Rowing is actually a 3-count movement. So the movement's actually 1 out, 2 counts in. 1, 2, 3. 1, 2, 3. And even if you're rowing faster, you still want to protect that ratio of 1, 2, 3.** (4:01–4:33) | **The third and final element we're going to look at in this tutorial is Timing. . . . You want a 2:1 ratio. For every second on the drive, take two seconds for the recovery. . . . 1, 1, 2. 1, 1, 2. 1, 1, 2. . . . However fast you're trying to row, it's important to maintain that 2:1 ratio within the stroke.** (4:15–5:15) |
| A lot of people get on rowing machines, and they do what we call a **1:1 ratio where they run 1 count out and then 1 count in**. . . . If you row too quickly, and you don't give yourself that 2-count recovery, you think your power's going to be bigger in the long run, but **you actually see your power fade** because you don't give your body enough recovery on that powerful drive. (4:04–5:19) | If you rush too much and you're going **1:1, 1 second on the drive, 1 second on the recovery**, **you're not going to get the same amount of power and efficiency from each stroke**. (4:51–5:01) |
| So those are the 3 most important things. **Get the Order right. Legs, core, arms. Get the Power right. 60-20-20. Legs, core, arms. And then get the timing right. 1 out on the drive and 2 coming in on the recovery.** (5:29–5:43) | To recap, we've looked at three technical points to get the most out of your rowing workout. **One, the order in which the rowing stroke should be executed. Arms, core, legs. Legs, core, arms. Two, the way in which you should apply the power. 60% in the legs, 20% in the core, and 20% in the arms. And three, the timing. One second on the drive and two seconds on the recovery.** (5:26–6:00) |

2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# Exhibit B

Indo-Row Instructor Training Manual Excerpt

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



To simplify the process of learning the rowing stroke and make indoor rowing less intimidating to new participants, the Indo-Row program views, cues and teaches the stroke according to this simple 3 x 3 philosophy:



# 3 X 3

| Legs | Core | Arms |
|---|---|---|
| = 60% | = 20% | = 20% |

1 Count →
← 2 Counts

In addition, here are 5 photos animating the complete rowing stroke in motion.

    

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# **Exhibit C**

ShockWave Instructor Training Manual Excerpt

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



60039784 v1

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 8

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



Patrick J. Concannon
Direct Line: 617-439-2177
Fax: 617-310-9177
E-mail: pconcannon@nutter.com

July 14, 2020

**VIA EMAIL (cscott@hinckleyallen.com) ONLY**

Mr. Craig M. Scott
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
30 Exchange Terrace
Providence, RI 02903

  Re: Alleged Infringement of Jay Blahnik, Inc.'s Intellectual Property Rights

Dear Mr. Scott:

  This firm represents WaterRower Inc. and its affiliates (collectively, "WaterRower") in trademark matters. Our client forwarded your July 1, 2020 letter to me and asked me to respond.

  WaterRower disagrees with the conclusions in your letter, and refuses to comply with your client's demands. I have had opportunity to review the videos in question. The videos explain what is commonly understood in the rowing industry/community as the optimal biomechanical rowing sequence. This commonly understood approach to rowing has been handed down over generations. WaterRower was producing videos that stressed the very same concepts prior to the recording and production of your client's video. Indeed, to the extent that the concepts described in the rowing videos in question constitute protectable intellectual property at all, it was WaterRower who introduced the concepts to Jay Blahnik, Inc. and not the other way around, and it is WaterRower who would have a superior claim to such intellectual property.

  The videos merely describe a "sequence", or "method," however. As you know, methodologies and ideas themselves are not protected by copyright. There is an abundance of third-party materials dating back decades that describe the ideal rowing motion in a similar sequence and manner. It is less than surprising that our clients' videos are chronologically similar – they are describing the same chronological sequence.

  The expressive language in the videos that relates to the rowing mechanics sequence is protected by copyright, but there are only so many ways to describe, and words one can

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Mr. Craig M. Scott
July 14, 2020
Page 2

use to describe, the sequence. Anyone describing the sequence needs to use certain words and phrases like "arms", "legs", "core", "early", "power", "timing", "ratio" and "recovery". While the Jay Blahnik, Inc. video wording includes sufficient expression to be protected by copyright to some degree, the copyright is narrow, or "thin". Small differences are sufficient to undercut a claim of "substantial similarity". The differences between the wording in the videos, including the bolded wording emphasized in the table at Exhibit A to your letter, are not small, however. The differences far outweigh the similarities.

The videos each refer to the well-known 60-20-20 power distribution approach to rowing. Again, this is a commonly understood ratio and not a protectable concept. Your client's use of "3x3" also seems to be tied so closely to the method or idea that comprises the rowing sequence and is not protectable but, in any event, the WaterRower video does not include mention of "3x3". Finally, I observe that the "transcript" wording of the respective videos at Exhibit A to your letter is highly selective and leaves out content from the videos that further distinguishes the videos.

If there are additional facts that you would like to bring to our attention, we are receptive to hearing from you. Absent that, we conclude that your client's complaints are not well-grounded. WaterRower will defend itself vigorously against any legal action brought by your client as is necessary.

Sincerely yours,

Patrick J. Concannon

cc:     WaterRower Inc.

4866194.1

2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 9

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



100 Westminster Street, Suite 1500
Providence, RI 02903-2319

p: 401-274-2000   f: 401-277-9600
hinckleyallen.com

*Craig M. Scott*
*cscott@hinckleyallen.com*

December 10, 2020

***Via Regular Mail and Email***
Patrick J. Concannon, Esq.
Nutter McClennen & Fish LLP
155 Seaport Blvd
Boston, MA 02210

**Re:**     **Infringement of Jay Blahnik, Inc.'s Intellectual Property Rights**

Dear Patrick:

I write to follow up regarding my July 1, 2020 letter regarding WaterRower Inc.'s ("WaterRower") infringement of Jay Blahnik, Inc.'s ("JBInc.") copyright rights in programming and marketing materials related to Indo-Row and ShockWave, particularly in the YouTube video entitled, "WaterRower: How to Row" ("WaterRower YouTube Video").[1]

The U.S. Copyright Office has recently granted JBInc. copyright registrations in its Indo-Row Rowing Tutorial video and portions of its Indo-Row Instructor Training Manual.  U.S. Copyright Registration Nos. PA0002266894 and TX0008910547 are attached.  In view of WaterRower's continued infringement of at least these copyrights by refusing to take down the WaterRower YouTube Video, we have notified YouTube of WaterRower's copyright violations by filing a complaint pursuant to the Digital Millennium Copyright Act ("DMCA").

In addition, JBInc. has granted a license to Apple Inc. to use its copyrighted material. Your client has no such license, and its continued unauthorized use of the WaterRower YouTube Video must cease.

Pursuant to my July 1, 2020 letter, please confirm that WaterRower immediately will take down the WaterRower YouTube Video, and variants thereof, from YouTube and any other

---

[1] https://www.youtube.com/watch?v=HCo9_CXoJj0

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Patrick J. Concannon, Esq.
December 10, 2020
Page 2 of 2

video hosting websites[2] and other media, destroy all copies of the WaterRower YouTube Videos in its possession or control, and certify the destruction thereof to JBInc. no later than five (5) business days following receipt of this letter.

JBInc. reserves all rights and waives none.

Very truly yours,

Craig M. Scott

Enclosures
cc:  Jay Blahnik, Inc. (with enclosures)
       David Wollin, Esq. (with enclosures)

---

[2] For example, WaterRower appears to have also published the WaterRower YouTube Video on Vimeo at https://vimeo.com/320515433, and a user by the name of "Elite Fitness TV" appears to have published it on YouTube at https://www.youtube.com/watch?v=t8xs-miP5jA.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**Registration Number**

# PA 2-266-894

**Effective Date of Registration:**
December 01, 2020
**Registration Decision Date:**
December 04, 2020

## Title

**Title of Work:**    Indo-Row Rowing Tutorial

## Completion/Publication

**Year of Completion:**    2011
**Date of 1st Publication:**    December 31, 2011
**Nation of 1st Publication:**    United States

## Author

- **Author:**    Jay Blahnik, Inc.
  **Author Created:**    entire motion picture
  **Work made for hire:**    Yes
  **Citizen of:**    United States
  **Domiciled in:**    United States

## Copyright Claimant

**Copyright Claimant:**    Jay Blahnik, Inc.
                          38 Dolores, #805, San Francisco, CA, 94103, United States
**Transfer statement:**    By written agreement

## Limitation of copyright claim

**Material excluded from this claim:**    preexisting music

**New material included in claim:**    all other cinematographic material

## Rights and Permissions

**Organization Name:**    Jay Blahnik, Inc.
**Address:**    38 Dolores
               #805
               San Francisco, CA 94103 United States

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## Certification

           **Name:**    Alexander P. Montgomery

           **Date**:    November 09, 2020

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# Certificate of Registration





This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## TX 8-910-547

**Effective Date of Registration:**
November 12, 2020
**Registration Decision Date:**
November 16, 2020

## Title

| | |
|---|---|
| **Title of Work:** | 3x3 |
| **Title of Larger Work:** | Indo-Row Instructor Training Manual |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2007 |
| **Date of 1st Publication:** | December 31, 2007 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Jay Blahnik, Inc. |
| **Author Created:** | text, photograph(s), artwork |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Jay Blahnik, Inc. |
| | 38 Dolores, #805, San Francisco, CA, 94103, United States |
| **Transfer statement:** | By written agreement |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Jay Blahnik, Inc. |
| **Address:** | 38 Dolores |
| | #805 |
| | San Francisco, CA 94103 United States |

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## Certification _____

     **Name:**  Alexander P. Montgomery
     **Date:**   November 09, 2020

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 10

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

From: **YouTube Copyright** <youtube-disputes+16gf32kdm86gc0h@google.com>
Date: Fri, Jan 1, 2021 at 01:25
Subject: Re: [OV2MGPBICIXXOHHKHYWJZ4K46Q] New Copyright Counter-Notification



We received the attached counter notification in response to a complaint you filed with us.

We're providing you with the counter notification and await evidence (in not more than 10 business days) that you've filed an action seeking a court order against the counter notifier to restrain the allegedly infringing activity. In most cases, such evidence would include a lawsuit against the uploader who filed the counter notification, which names the specific YouTube URL(s) at issue.

Such evidence should be submitted by replying directly to this email. Please do not send your reply to copyright@youtube.com. If we don't receive notice from you, we may reinstate the material to YouTube.

Counter-Notification as follows:

Videos included in counter-notification:

- http://www.youtube.com/watch?v=HCo9_CXoJj0

Display name of uploader: WaterRower Rowing Machines

Re: DMCA Counter Notification of Mistaken Removal or Disabling of Material Dear Designated Agent: I am an attorney representing WaterRower, Inc., and I am writing in response to the mistaken removal of or disabling of access to certain materials at the YouTube platform. I hereby provide counter notification pursuant to the terms of the Digital Millennium Copyright Act (the "Act") and YouTube's "Copyright and Rights Management Policy". The following material was removed from or disabled on your service located at www.youtube.com (the "Service") on December 10, 2020: "WaterRower: How to Row"; Published March 1, 2019 on WaterRower Rowing Machines YouTube Channel. I swear, under penalty of perjury, that I have a good faith belief that the identified material was removed or disabled from the Service as a result of a mistake. Namely, the content of the video in question includes a visual demonstration and audio explanation/description of a rowing technique that generally is accepted as the most efficient rowing exercise sequence. The removed content is not owned by the complaining party, it was authored by and is owned

1

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

by WaterRower, Inc. On behalf of WaterRower, Inc., I therefore request, in accordance with Section 512(g) of the Act, that you replace any removed material and cease disabling access to any blocked material within 14 business days of your receipt of this notice. Please notify me to confirm access to any disabled material has been restored. WaterRower hereby consents to the jurisdiction of the Federal District Court for the District of Rhode Island (where it maintains its primary place of business), and I will accept service of process on behalf of WaterRower from the person (or an agent of the person) who provided the DMCA notification. The above is not an exhaustive statement of all the relevant facts and law, and I expressly reserve all of my equitable and legal rights and remedies. Sincerely, WATERROWER, INC. By its attorney, By:Name:Patrick J. Concannon

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Patrick J. Concannon

155 Seaport Blvd

Boston, MA 02210 US

PConcannon@nutter.com

617-439-2177

2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 11

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



28 State Street
Boston, MA 02109-1775

p: 617-345-9000   f: 617-345-9020
hinckleyallen.com

## DMCA TAKEDOWN NOTICE

January 8, 2021

**Via Email: dmca@vimeo.com**

Vimeo, Inc.
Attn: Legal Dept. – Copyright Agent
dmca@vimeo.com

   Re: Notice of Copyright Infringement

To Whom It May Concern:

We write on behalf of Jay Blahnik, Inc., the copyright owner and author of the copyright-protected rowing-related works that are the subject of U.S. Copyright Reg. No. PA 2-266-894 (Indo-Row Rowing Tutorial) and U.S. Copyright Reg. No. TX 8-910-547 (Indo-Row 3x3) (collectively, the "**Works**"). We hereby provide notice of copyright infringement pursuant to the terms of the Digital Millennium Copyright Act (the "**Act**").

Your service located at Vimeo.com displays a video that infringes our client's copyrights in the Works (the "**Infringing Work**"). The Infringing Work and the URL at which the Infringing Work is accessible is as follows:

- WaterRow: How to Row Technique (https://vimeo.com/320515433)

We have a good faith belief that the use of the Infringing Work in the manner described in this letter is not authorized by our client, any agent of our client or any applicable law. The information in this notification is accurate and we swear, under penalty of perjury, that we are authorized to act on behalf of the copyright owner with respect to the subject matter of this letter.

We therefore request that you remove or disable access to the Infringing Work as set forth in Section 512(c)(1)(C) of the Act and pursuant to your Terms of Service. Please contact the undersigned no later than one week from the date of this letter to confirm that the infringing materials have been removed or access disabled. The undersigned may be contacted at the address, telephone number, and email address set forth below.

      Sincerely,

      *Alexander P. Montgomery*

      Alexander P. Montgomery
      Hinckley, Allen & Snyder LLP
      28 State Street
      Boston, MA 02109
      amontgomery@hinckleyallen.com
      (617) 345-9000

cc:  Craig M. Scott, Esq.
   Jay Blahnik, Inc.

60558351 v1

ALBANY ▶ BOSTON ▶ CHICAGO ▶ HARTFORD ▶ MANCHESTER ▶ NEW YORK ▶ PROVIDENCE

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# Exhibit 3

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JAY BLAHNIK INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:21-CV-00026-MSM-PAS |
| | : | |
| WATERROWER INC., and | : | : |
| WATERROWER UK, LTD. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## FIRST AMENDED COMPLAINT

Plaintiff Jay Blahnik, Inc. ("JBInc." or "Plaintiff") brings this action against Defendants

WaterRower Inc. ("WaterRower") and WaterRower UK, Ltd. ("WaterRower UK") (collectively,

"Defendants") for copyright infringement.  By this Complaint, JBInc. seeks injunctive relief and

damages and alleges as follows:

## THE PARTIES

1. JBInc. is a California corporation with a principal place of business at 38 Dolores

#805, San Francisco, CA 94103.

2. WaterRower is a Rhode Island corporation with a principal place of business at 560

Metacom Avenue, Warren, Rhode Island 02885.

3. WaterRower UK is, upon information and belief,  a United Kingdom company with

a principal place of business at Unit 4, The Valley Centre, Gordon Road, High Wycombe, Bucks,

England, HP13 6EQ.  WaterRower and WaterRower UK have common ownership.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331

and 1338(a).

5. This Court has personal jurisdiction over WaterRower and venue is properly laid

in this Court under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400 inasmuch as WaterRower is a Rhode Island corporation, solicits and/or transacts business within this judicial district, derives revenue from the sale and/or distribution of goods and services into Rhode Island, and/or has otherwise made or established constitutionally sufficient contacts in this judicial district to permit this Court's exercise of personal jurisdiction.

6.    This Court has personal jurisdiction over WaterRower UK under Fed. R. Civ. P. 4(k)(2) because, upon information and belief, WaterRower UK is not subject to the jurisdiction in any state's courts of general jurisdiction.  Further, exercising jurisdiction in this Court is consistent with the United States Constitution because WaterRower UK has sufficient contacts with, and regularly engages in business in, the United States and the State of Rhode Island.  Moreover, WaterRower UK has encouraged, induced and/or caused WaterRower to distribute works in this District that infringe JBInc.'s copyrighted works.

## FACTS

7.    JBInc. is the creator and owner of certain intellectual property in the fitness space, particularly rowing techniques and tutorials in various media in connection with the Indo-Row® trademark and programming, and the Shockwave marks.

8.    WaterRower is in the business of manufacturing and selling fitness equipment, including rowing machines.

9.    WaterRower UK, Ltd. is the parent company of WaterRower Inc., and share common ownership.  At all relevant times, the parties worked in concert to commit the acts of infringement as set forth herein.

10.    On or around December 31, 2007, JBInc. first created and published the Indo-Row Instructor Training Manual.  A select portion of JBInc.'s original Indo-Row Instructor Training Manual is attached hereto as Exhibit 1.

2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

11.     The Indo-Row Instructor Training Manual teaches an original method of rowing on a rowing machine that "simplif[ies] the process of learning the rowing stroke and mak[ing] indoor rowing less intimidating to new participants." Ex. 1 at 1.  It breaks down the rowing stroke according to a "3 x 3 philosophy," in which (1) the order of the rower's movements is legs, core, then arms; (2) the power of the rower's movements is distributed 60% to the legs, 20% to the core, and 20% to the arms; and (3) the timing of the stroke is one count out to two counts in.



12.     JBInc. applied for, and the United States Copyright Office issued, U.S. Copyright Registration No. TX 8-910-547 for aspects of the Indo-Row Instructor Training Manual.  A true copy of JBInc.'s Certificate of Copyright Registration is attached hereto as Exhibit 2.

13.     On or around December 31, 2011, JBInc. first created and published the Indo-Row Rowing Tutorial.  The Indo-Row Rowing Tutorial is an approximately six-minute video featuring Jay Blahnik and Joshua Crosby.  Mr. Blahnik is one of the industry's premier group fitness program developers.  Mr. Crosby is a World Champion rower.  In the Indo-Row Rowing Tutorial, Mr. Blahnik teaches the original rowing techniques published in the Indo-Row Instructor Training Manual, while Mr. Crosby demonstrates on a rowing machine alongside him.  Mr. Blahnik also provides several examples of common mistakes that Mr. Crosby also demonstrates.

14.     JBInc. applied for, and the United States Copyright Office issued, U.S. Copyright Registration No. PA 2-266-894 for the Indo-Row Rowing Tutorial.  A copy of JBInc.'s Certificate of Copyright Registration is attached hereto as Exhibit 3.  JBInc.'s copyrights in the Indo-Row Instructor Training Manual and the Indo-Row Rowing Tutorial are collectively referred to herein as the "Indo-Row Works."

3

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00452-MRSM-PAS Document 147 Filed 05/09/24 Page 102 of 151 PageID #6197

15. Although basic rowing techniques have been taught by trainers and coaches for years, Mssrs. Crosby and Blahnik first created the specific technique embodied by the Indo-Row Works.

16. In 2013, JBInc., along with Messrs. Crosby and Blahnik, entered into a "Licensing/Commission Agreement" with WaterRower (the "License Agreement"). Prior to entering into the License Agreement, WaterRower had not taught, applied or otherwise used the original techniques embodied by the Indo-Row Works.

17. Under the License Agreement, JBInc. granted WaterRower the exclusive, worldwide right to use certain intellectual property owned by JBInc. in connection with the manufacture, promotion, distribution and sale of rowing machines manufactured and/or sold by WaterRower.

18. By virtue of the License Agreement, WaterRower UK had access to the Indo-Row Works prior to the infringement.

19. On September 30, 2017, the License Agreement terminated.

20. By letter dated August 21, 2017, JBInc. reminded WaterRower of its obligations post-termination of the License Agreement. A true copy of the August 21, 2017 letter is attached hereto as Exhibit 4. Specifically, JB advised WaterRower to cease distribution and sale of Indo-Row and ShockWave workout videos as well as "use of all IndoRow and ShockWave intellectual property (other than as provided in Section 2.14) as of the termination date."

21. In its response, on August 22, 2017, WaterRower acknowledged that it "is in agreement that Section 2.14 of the 2013 License Agreement ("Agreement") applies only to WaterRower Products, and such term does not include Indorow [sic] or Shock Wave [sic] workout videos. WaterRower shall cease selling the Indorow [sic] and/or Shock Wave [sic] workout videos

4

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:21-cv-00455-MRSM-PAS   Document 147   Filed 05/06/24   Page 103 of 151 PageID #6208

on or before September 30, 2017." A true copy of the August 22, 2017 letter is attached hereto as Exhibit 5.

22. WaterRower represented that it "shall cease using Indorow [sic] Intellectual Property on or before September 30, 2017."

**Defendants' Copyright Infringements**

23. WaterRower is publishing and distributing, without JBInc.'s authorization, license or consent, an instructional rowing video entitled "WaterRower: How to Row" (the "How to Row Video") that is substantially similar to the Indo-Row Works.

24. The How to Row Video is an approximately six-minute video featuring an instructor teaching indoor rowing techniques while a rower demonstrates on a rowing machine alongside him. The How to Row Video also provides several examples of common mistakes, which the rower also demonstrates.

25. WaterRower UK created the How to Row Video. WaterRower UK created the How to Row Video with an intent to have the video published and/or distributed in Rhode Island and throughout the United States by WaterRower, its Rhode Island-based corporate affiliate.

26. WaterRower acted in concert with WaterRower UK in producing the pirated How to Row Video.

27. WaterRower distributed and had published the How to Row Video on video hosting websites, including YouTube and Vimeo, and on WaterRower's website, from March 2019 until JBInc. secured their removal from the hosting platforms on or about January 8, 2021.

28. WaterRower UK intended for WaterRower to publish the How to Row Video on such platforms, and knew that it would when it created the How to Row Video.

29. Defendants' How to Row Video infringes JBInc.'s copyrights in the Indo-Row Works. Specifically, the content of the How to Row Video is substantially similar to that of the

5

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Indo-Row Works. The infringing video pirates the principles, terminology, techniques and delivery embodied by the Indo-Row Works, as illustrated by the attached table that compares representative excerpts of the content of the How to Row Video and the Indo-Row Works. Exhibit 6.

30. Defendants knew that the How to Row Video infringed JBInc.'s copyrights.

31. Defendants profited from the infringement of JBInc.'s copyrights.

32. WaterRower UK materially and substantially assisted WaterRower's infringement.

33. By publishing the How to Row Video, WaterRower materially and substantially assisted WaterRower UK's infringement.

34. On July 1, 2020, JBInc. sent a letter to WaterRower informing it that the How to Row Video infringes JBInc.'s copyright rights in the Indo-Row Works, demanding that WaterRower immediately take down the How to Row Video from YouTube and any other video hosting sites and cease and desist all use of the Indo-Row Works. A true copy of the July 1, 2020 letter to WaterRower is attached hereto as Exhibit 7.

35. On July 14, 2020, WaterRower responded to JBInc.'s letter, stating that it "refuse[d] to comply with [JBInc.'s] demands." A true copy of the July 14, 2020 letter is attached hereto as Exhibit 8.

36. In view of Defendants' continued infringement, JBInc. sent a follow-up letter on December 10, 2020, informing WaterRower of the issuance of the copyright registrations in the Indo-Row Works and that JBInc. notified YouTube of WaterRower's copyright violations by filing a complaint pursuant to the Digital Millennium Copyright Act ("DMCA"). A true copy of the December 10, 2020 letter to WaterRower is attached hereto as Exhibit 9.

6

37. On January 1, 2021, JBInc. received notification that WaterRower filed a DMCA counter-notification with YouTube. A true copy of the counter-notification is attached hereto as Exhibit 10.

38. On January 8, 2021, JBInc. notified Vimeo.com of copyright violations in connection with a How to Row Video by filing a complaint pursuant to the DMCA. A true copy of the January 8, 2021 DMCA complaint is attached hereto as Exhibit 11.

39. Defendants' unauthorized and continuing use of JBInc.'s Indo-Row Works has caused JBInc. to suffer damages. It has no adequate remedy at law.

## COUNT I
### Copyright Infringement – Indo-Row Instructor Training Manual
### (Violation of 17 U.S.C. § 101 *et. seq.*)

40. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 39 as if fully set forth herein.

41. JBInc. is the owner of a valid United States copyright registration in aspects of the Indo-Row Instructor Training Manual.

42. Defendants have infringed and/or contributorily infringed and, unless enjoined, will continue to infringe, JBInc.'s copyrights by copying protectable elements of the Indo-Row Instructor Training Manual that are original, and has published on YouTube and other video hosting websites a video bearing those elements without approval or authorization from Plaintiff.

43. Defendants' acts are intentional, willful and in bad faith.

44. Defendants' acts have caused, and are causing, irreparable harm and damage to JBInc. and, unless enjoined, said irreparable injury will continue.

45. JBInc. has been damaged thereby.

7

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## COUNT II
### Copyright Infringement – Indo-Row Rowing Tutorial
### (Violation of 17 U.S.C. § 101 *et. seq.*)

46.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 45 as if fully set forth herein.

47.     JBInc. is the owner of a valid United States copyright registration in the Indo-Row Rowing Tutorial.

48.     Defendants have infringed and/or contributorily infringed and, unless enjoined, will continue to infringe,  JBInc.'s copyrights by copying protectable elements of the Indo-Row Rowing Tutorial that are original and has published on YouTube and other video hosting websites a video bearing those elements without approval or authorization from Plaintiff.

49.     Defendants' acts are intentional, willful and in bad faith.

50.     Defendants' acts have caused, and are causing, irreparable harm and damage to JBInc. and, unless enjoined, said irreparable injury will continue.

51.     JBInc. has been damaged thereby.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

A.      That Defendants, and each of their successors and assigns, officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be temporarily, preliminarily and permanently enjoined and restrained from copying, preparing derivate works based on, or otherwise infringing, or inducing infringement, of Plaintiff's copyrighted materials, including but not limited to the Indo-Row Works;

8

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

B.      Enter Judgment in favor of JBInc. and against Defendants on each count of the First Amended Complaint;

C.      That Defendants pay JBInc. the actual damages suffered by it as a result of each infringement, and any profits of Defendants that are attributable to the infringements;

D.      That Defendants be ordered to recall from any and all video hosting website any and all Defendants' videos that are substantially similar to Plaintiff's copyrighted materials, including but not limited to the Indo-Row Works;

E.      That Defendants be ordered to turn over to Plaintiff for destruction all copies of the How to Row Video and/or any other documents, electronically-stored data and things in its possession, custody or control that are substantially similar to Plaintiff's copyrighted materials, including but not limited to the Indo-Row Works; and

F.      That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMAND A TRIAL BY JURY**
**FOR ALL ISSUES SO TRIABLE.**

JAY BLAHNIK, INC.

By its attorneys,

/s/
Craig M. Scott (#4237)
David A. Wollin (#4950)
Elizabeth M. Nagle (*pro hac vice*)
Daniel D. Johnson (#10496)
HINCKLEY, ALLEN & SNYDER LLP
100 Westminster Street, Suite 1500
Providence, RI   02903
(401) 274-2000 Phone
cscott@hinckleyallen.com
lnagle@hinckleyallen.com
djohnson@hinckleyallen.com

Dated:  April 3, 2023

9

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the ECF system on the 3rd day of April, 2023, and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

_/s/_

10

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 1



To simplify the process of learning the rowing stroke and make indoor rowing less intimidating to new participants, the Indo-Row program views, cues and teaches the stroke according to this simple 3 x 3 philosophy:



# 3 X 3

_____ Legs          Core          Arms

_____ = 60%          = 20%          = 20%

_____ 1 Count ⟶

⟵ 2 Counts

**In addition, here are 5 photos animating the complete rowing stroke in motion.**

    

11

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# Certificate of Registration





This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## TX 8-910-547

**Effective Date of Registration:**
November 12, 2020
**Registration Decision Date:**
November 16, 2020

## Title

| | |
|---|---|
| **Title of Work:** | 3x3 |
| **Title of Larger Work:** | Indo-Row Instructor Training Manual |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2007 |
| **Date of 1st Publication:** | December 31, 2007 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Jay Blahnik, Inc. |
| **Author Created:** | text, photograph(s), artwork |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Jay Blahnik, Inc. |
| | 38 Dolores, #805, San Francisco, CA, 94103, United States |
| **Transfer statement:** | By written agreement |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Jay Blahnik, Inc. |
| **Address:** | 38 Dolores |
| | #805 |
| | San Francisco, CA 94103 United States |

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## Certification

       **Name:**  Alexander P. Montgomery
       **Date:**  November 09, 2020

# EXHIBIT 3

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**Registration Number**

# PA 2-266-894

**Effective Date of Registration:**
December 01, 2020
**Registration Decision Date:**
December 04, 2020

## Title

**Title of Work:**   Indo-Row Rowing Tutorial

## Completion/Publication

**Year of Completion:**   2011
**Date of 1st Publication:**   December 31, 2011
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Jay Blahnik, Inc.
  **Author Created:**   entire motion picture
  **Work made for hire:**   Yes
  **Citizen of:**   United States
  **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Jay Blahnik, Inc.
  38 Dolores, #805, San Francisco, CA, 94103, United States
**Transfer statement:**   By written agreement

## Limitation of copyright claim

**Material excluded from this claim:**   preexisting music

**New material included in claim:**   all other cinematographic material

## Rights and Permissions

**Organization Name:**   Jay Blahnik, Inc.
**Address:**   38 Dolores
  #805
  San Francisco, CA 94103 United States

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## Certification

            **Name:**   Alexander P. Montgomery

            **Date**:    November 09, 2020

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 4

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**HINCKLEY ALLEN**

100 Westminster Street, Suite 1500
Providence, RI 02903-2319

p: 401-274-2000  f: 401-277-9600
hinckleyallen.com

**David A. Wollin**
dwollin@hinckleyallen.com
Direct Dial: 401-457-5356

August 21, 2017

**VIA EMAIL AND FIRST CLASS MAIL**

Steven Rosenbaum, Esq.
Poore & Rosenbaum LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903

**Re:    WaterRower, Inc./Jay Blahnik, Inc. Agreement Termination**

Dear Steve:

As you know, by letter dated March 28, 2017, WaterRower provided notice of terminating the relationship with my clients as of September 30, 2017 pursuant to Section 10.1 of the April 1, 2013 Agreement.  As you may know, Jay Blahnik sent an e-mail to Peter King and David Jones on August 8th raising certain details concerning termination.  My clients are also in receipt of David Jones' recent e-mail response to that e-mail.  While my clients have raised various unresolved issues about WaterRower's performance under the 2013 Agreement (including their right to a full accounting and all commissions due) and continue to reserve all rights, as Mr. Blahnik's August 8th e-mail indicates, my clients also would like to ensure a smooth transition as the 2013 Agreement comes to an end.

First, it is our understanding that Section 2.14 of the 2013 Agreement applies to "WaterRower Products," that is rowing machines, not workout videos.  Accordingly, upon termination, WaterRower should cease distribution and sale of IndoRow and ShockWave workout videos.  WaterRower may continue to sell "WaterRower Products to which the IndoRow Trademark or ShockWave Trademark was attached prior to the date of termination."  If WaterRower does so, it must pay my clients all commissions owed for those sales within 30 days after the end of this six month post-termination period.

Second, WaterRower should cease use of all IndoRow and ShockWave intellectual property (other than as provided in Section 2.14) as of the termination date.

▶ ALBANY ▶ BOSTON ▶ CONCORD ▶ HARTFORD ▶ NEW YORK ▶ PROVIDENCE

HINCKLEY, ALLEN & SNYDER LLP, ATTORNEYS AT LAW

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Steven Rosenbaum, Esq.
August 21, 2017
Page 2

Third, my clients agree that WaterRower may retain one copy of all Indo-Row and Shockwave workout videos.  However, WaterRower must destroy or return all other copies of these videos, including master copies, by the termination date.  My clients request that WaterRower provide written confirmation once masters and copies of IndoRow and Shockwave workout videos are returned or destroyed.

Fourth, pursuant to Section 11.2(c) of the 2013 Agreement, please let us know whether WaterRower would like any WaterRower samples, advertising, promotional, or sales materials returned, or whether WaterRower would prefer that my clients dispose of them.

Finally, we are willing to discuss the form of notice that my clients intend to provide their Indo-Row and Shockwave Master Trainers and their Health Club contacts concerning the end of their partnership with WaterRower.

Once again, the foregoing is without waiver of my clients' right to pursue the outstanding issues we have raised previously and remain unresolved as of this date.

Very truly yours,

David A. Wollin

DAW:cw

cc:     Julie LaFond

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 5

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# POORE & ROSENBAUM LLP

## ATTORNEYS AT LAW

WILLIAM A. POORE
STEVEN ROSENBAUM*
CHRISTOPHER J. O'CONNOR

*Also licensed in MA

Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: 401-831-2600
Facsimile:  401-831-2220

August 22, 2017

**VIA EMAIL**

David A. Wollin, Esq.
Hinckley, Allen & Synder LLP
100 Westminster Street
Providence, Rhode Island 02903

Re:     WaterRower, Inc./Jay Blahnik, Inc.

Dear David:

Thank you for your letter of August 21, 2017. Please accept this letter as WaterRower's response to the various points set forth therein.

1.      WaterRower is in agreement that Section 2.14 of the 2013 License Agreement ("Agreement") applies only to WaterRower Products, and such term does not include Indorow or Shock Wave workout videos. WaterRower shall cease selling the Indorow and/or Shock Wave workout videos on or before September 30, 2017.

2.      WaterRower shall cease using Indorow Intellectual Property on or before September 30, 2017.

3.      The Agreement does not require WaterRower to destroy or return master and/or copies of the workout videos. Notwithstanding, WaterRower agrees that it will have the master and copies (all but one copy of each workout video) of the workout video destroyed and will provide written confirmation of the same.

4.      WaterRower requests that your client dispose of its samples, advertising and promotional materials and provide notice to WaterRower when this has been completed.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

5.      At this time, since your client has already begun informing joint relationships of the termination of the Agreement, WaterRower will just send its own notice out.

Regards,

Steven Rosenbam

cc: David Jones

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 6

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**Table Comparing Representative Excerpts of the Dialogue from the How to Row Video,
the Language in the Indo-Row Instructor Training Manual, and
the Dialogue from the Indo-Row Rowing Tutorial**

| Indo-Row Rowing Tutorial | WaterRower How to Row Video | Indo-Row Instructor Training Manual |
|---|---|---|
| But the first thing that Josh is doing perfectly is the **order**. **Many people believe that the legs, the core, and the arms all push and pull at one time** because it's a total body activity. **But in rowing, it's actually a linear progression.** (0:51–1:04) | As Will starts to row, you'll notice there's a distinct **order**. **Most people when they start to row get it slightly wrong by thinking that the arms, the core, and the legs all move at the same time, where in fact there is a particular order.** (1:39–1:52) | Legs          Core          Arms |
| **The order** is very specific. **It is legs first, then core, then arms. Then arms, then core, then legs. Let's look at that again. Legs first, then core, then arms. Then arms, then core, then legs.** (1:10–1:28) | . . . **[T]he Order** is simple. **Arms, core, legs.** And then once you get to the catch, it's simply reversed. **Legs, core, arms.** . . . **Arms, core, legs. Legs, core, arms.** (1:55–2:21) | Legs          Core          Arms |
| Here's an example of somebody who's **bending their knees before they've completely straightened their arms**. So you see what Josh has to do is **he has to lift the handle up and over his knees** with every single stroke he takes. (2:09–2:21) | Often, people make little mistakes when they first start out, such as this one where **the knees are coming up too fast and the arms and the core aren't rocking over**, so **he's having to go over those knees**. (2:27–2:39) | n/a |

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00428-MSD-PAS    Document 47    Filed 05/06/24    Page 125 of 152 PageID #: 6430

| Indo-Row Rowing Tutorial | WaterRower How to Row Video | Indo-Row Instructor Training Manual |
|---|---|---|
| So Josh is going to give you an example of **who's leaning back a little early**. Right here what you see him doing is, **he's trying to initiate through his core before he's actually straightened his knees completely**. And again, what's going to happen there is **he won't get as much power** because he's trying to use his back when his legs haven't finished the job. (1:46–2:03) | In this second example of what people often do wrong, it's **where they open up too soon**. They're not generating enough power from the legs, so **they're pulling back using their upper body and their core too early before their legs have fully extended** as Will is about to demonstrate. It takes some of the power away so **you're not generating as much power as you could**. (2:50–3:11) | n/a |
| **The second thing that's important to remember is power**. . . . If we broke it down, it would be **60% of the power in your legs, 20% in your core, and 20% in your arms. So think 60-20-20.** (2:46–3:08) | **[T]he next thing to focus on is power**. Of all the work in the stroke, **60% of the power is going to come from the legs**. . . . Next up we have **the core, which makes up 20%**. . . . and then **the arms last of all doing the last 20%**. (3:15–3:49) | = 60%       = 20%       = 20% |

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00426-MSD-PAS    Document 47    Filed 05/06/24    Page 126 of 152 PageID #6431

| Indo-Row Rowing Tutorial | WaterRower How to Row Video | Indo-Row Instructor Training Manual |
|---|---|---|
| Josh will show you what someone looks like when **they're trying to do all of the work with their arms**. . . . Now, you'll get pretty good numbers for a few seconds, but your arms are going to get very tired very quickly, and many people find if they do this they can't last on the rower more than a couple of minutes. So when you're rowing, remember the power distribution. **Put most of it in the legs, push with the thighs, then lean back, then pull with about 20% in the core and 20% in the arms. It should feel like you're rowing with 60-20-20, and it should look like you're rowing with 60-20-20.** (3:21–4:00) | A common mistake made by **new rowers is generate too much power from the arms** as Will is about to demonstrate. It's not efficient in the power output. **We want to use our big muscles, our legs providing 60% as we said before. To recap the power distribution, you want 60% legs, 20% core, and 20% arms.** (3:53–4:15) | = 60%           = 20%           = 20% |
| **Now there's the third step, and that is the Timing. . . . Rowing is actually a 3-count movement. So the movement's actually 1 out, 2 counts in. 1, 2, 3. 1, 2, 3. And even if you're rowing faster, you still want to protect that ratio of 1, 2, 3.** (4:01–4:33) | **The third and final element we're going to look at in this tutorial is Timing. . . . You want a 2:1 ratio. For every second on the drive, take two seconds for the recovery. . . . 1, 1, 2. 1, 1, 2. 1, 1, 2. . . . However fast you're trying to row, it's important to maintain that 2:1 ratio within the stroke.** (4:15–5:15) | 1 Count ────────────►  ◄──────────── 2 Counts |

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

| **Indo-Row Rowing Tutorial** | **WaterRower How to Row Video** | **Indo-Row Instructor Training Manual** |
|---|---|---|
| A lot of people get on rowing machines, and they do what we call a **1:1 ratio where they run 1 count out and then 1 count in**. . . . If you row too quickly, and you don't give yourself that 2-count recovery, you think your power's going to be bigger in the long run, but **you actually see your power fade** because you don't give your body enough recovery on that powerful drive. (4:04–5:19) | If you rush too much and you're going **1:1, 1 second on the drive, 1 second on the recovery**, **you're not going to get the same amount of power and efficiency from each stroke**. (4:51–5:01) | |
| So those are the 3 most important things. **Get the Order right. Legs, core, arms. Get the Power right. 60-20-20. Legs, core, arms. And then get the timing right. 1 out on the drive and 2 coming in on the recovery.** (5:29–5:43) | To recap, we've looked at three technical points to get the most out of your rowing workout. **One, the order in which the rowing stroke should be executed. Arms, core, legs. Legs, core, arms. Two, the way in which you should apply the power. 60% in the legs, 20% in the core, and 20% in the arms. And three, the timing. One second on the drive and two seconds on the recovery.** (5:26–6:00) | |

60623002 v1

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 7

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



HINCKLEY
ALLEN

100 Westminster Street, Suite 1500
Providence, RI 02903-2319

p: 401-274-2000   f: 401-277-9600
hinckleyallen.com

*Craig M. Scott*
*cscott@hinckleyallen.com*

July 1, 2020

<u>*Via Regular Mail and Email*</u>
Steven Rosenbaum, Esq.
Poore & Rosenbaum LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903

     **Re:**     <u>**Infringement of Jay Blahnik, Inc.'s Intellectual Property Rights**</u>

Dear Steve:

This firm represents Jay Blahnik, Inc. ("JBInc.") in intellectual property matters. As you are aware, JBInc. is the owner of copyrightable rights in programming and marketing materials related to Indo-Row and ShockWave, including:

- audio, video or printed materials including music scores and sheets and choreography related in whole or in part to JBInc.'s fitness program using rowing machines named/branded "Indo-Row" or "ShockWave" ("Indo-Row Programming"); and

- marketing materials relating to the Indo-Row Programming including manuals, PowerPoint presentations, logos and the website ("Indo-Row Marketing Materials").

Our client recently learned that WaterRower Inc. ("WaterRower") posted an instructional rowing video to YouTube entitled "WaterRower: How to Row" that is substantially similar to certain Indo-Row Programming and/or Indo-Row Marketing Materials, including but not limited to the Indo-Row Rowing Tutorial, the Indo-Row Instructor Training Manual, and the ShockWave Instructor Training Manual. *See* WaterRower Rowing Machines, *WaterRower: How to Row*, YOUTUBE, https://www.youtube.com/watch?v= HCo9_CXoJj0 ("WaterRower YouTube Video"). A table comparing representative excerpts of the dialogue from the WaterRower YouTube Video and the Indo-Row Rowing Tutorial is attached as <u>Exhibit A</u>. Representative excerpts of the Indo-Row Instructor Training Manual and the ShockWave Instructor Training Manual are also attached as <u>Exhibit B</u> and <u>Exhibit C</u>, respectively.

▶ ALBANY ▶ BOSTON ▶ CHICAGO ▶ HARTFORD ▶ MANCHESTER ▶ NEW YORK ▶ PROVIDENCE

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Steven Rosenbaum, Esq.
July 1, 2020
Page 2

The WaterRower YouTube Video infringes JBInc.'s copyrights in violation of Sections 106 and 501 of the U.S. Copyright Act.  Therefore, we hereby demand that your client:

1.      Immediately take down the WaterRower YouTube Video from YouTube and any other video hosting websites;

2.      Destroy all the copies of the WaterRower YouTube Video in your possession and certify the destruction thereof to JBInc.;

3.      Account for the extent of traffic to the WaterRower YouTube Video since its posting, along with the extent of any sales made by you in connection with the WaterRower YouTube Video, and any other use of the Indo-Row Programming and/or Indo-Row Marketing Materials (including payments received, the number of customers, and the gross revenue from each);

4.      Cease and desist all use of the Indo-Row Programming and Indo-Row Marketing Materials, including all use substantially similar to the Indo-Row Programming and/or Indo-Row Marketing Materials, such as any use of JBInc.'s 3 X 3 method; and

5.      Confirm your intention to comply with the foregoing no later than five (5) business days following receipt of this letter.

The above is not an exhaustive statement of all the relevant facts and law.  JBInc. expressly reserves all of its legal and equitable rights and remedies, including the right to seek injunctive relief and recover monetary damages, attorney's fees, and costs.

Very truly yours,

*/s/ Craig M. Scott*

Craig M. Scott

Enclosures
cc:  Jay Blahnik, Inc. (w/enclosures, via electronic mail)
     David Wollin, Esq. (w/enclosures)

▶ ALBANY ▶ BOSTON ▶ CHICAGO ▶ HARTFORD ▶ MANCHESTER ▶ NEW YORK ▶ PROVIDENCE

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**Exhibit A**

Table Comparing Representative Excerpts of Dialogue from
WaterRower YouTube Video and Indo-Row Rowing Tutorial

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00426-MSD-PAS    Document 1-1    Filed 05/06/24    Page 132 of 152 PageID
#6497

| **WaterRower YouTube Video** | **Indo-Row Rowing Tutorial** |
|---|---|
| But the first thing that Josh is doing perfectly is the **order**. **Many people believe that the legs, the core, and the arms all push and pull at one time** because it's a total body activity. **But in rowing, it's actually a linear progression.** (0:51–1:04) | As Will starts to row, you'll notice there's a distinct **order**. **Most people when they start to row get it slightly wrong by thinking that the arms, the core, and the legs all move at the same time, where in fact there is a particular order.** (1:39–1:52) |
| **The order** is very specific. **It is legs first, then core, then arms. Then arms, then core, then legs. Let's look at that again. Legs first, then core, then arms. Then arms, then core, then legs.** (1:10–1:28) | . . . **[T]he Order** is simple. **Arms, core, legs.** And then once you get to the catch, it's simply reversed. **Legs, core, arms.** . . . **Arms, core, legs. Legs, core, arms.** (1:55–2:21) |
| Here's an example of somebody who's **bending their knees before they've completely straightened their arms**. So you see what Josh has to do is **he has to lift the handle up and over his knees** with every single stroke he takes. (2:09–2:21) | Often, people make little mistakes when they first start out, such as this one where **the knees are coming up too fast and the arms and the core aren't rocking over**, so **he's having to go over those knees.** (2:27–2:39) |
| So Josh is going to give you an example of **who's leaning back a little early**. Right here what you see him doing is, **he's trying to initiate through his core before he's actually straightened his knees completely**. And again, what's going to happen there is **he won't get as much power** because he's trying to use his back when his legs haven't finished the job. (1:46–2:03) | In this second example of what people often do wrong, it's **where they open up too soon**. They're not generating enough power from the legs, so **they're pulling back using their upper body and their core too early before their legs have fully extended** as Will is about to demonstrate. It takes some of the power away so **you're not generating as much power as you could**. (2:50–3:11) |
| **The second thing that's important to remember is power**. . . . If we broke it down, it would be **60% of the power in your legs, 20% in your core, and 20% in your arms. So think 60-20-20.** (2:46–3:08) | **[T]he next thing to focus on is power**. Of all the work in the stroke, **60% of the power is going to come from the legs**. . . . Next up we have **the core, which makes up 20%**. . . . and then **the arms last of all doing the last 20%**. (3:15–3:49) |
| Josh will show you what someone looks like when **they're trying to do all of the work with their arms**. . . . Now, you'll get pretty good numbers for a few seconds, but your arms are going to get very tired very quickly, and many people find if they do this they can't last on the rower more than a couple of minutes. So when you're rowing, remember the power distribution. **Put most of it in the legs, push with the thighs, then lean back, then pull** | A common mistake made by **new rowers is generate too much power from the arms** as Will is about to demonstrate. It's not efficient in the power output. **We want to use our big muscles, our legs providing 60% as we said before. To recap the power distribution, you want 60% legs, 20% core, and 20% arms.** (3:53–4:15) |

1

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

| WaterRower YouTube Video | Indo-Row Rowing Tutorial |
|---|---|
| **with about 20% in the core and 20% in the arms. It should feel like you're rowing with 60-20-20, and it should look like you're rowing with 60-20-20.** (3:21–4:00) | |
| **Now there's the third step, and that is the Timing.** . . . **Rowing is actually a 3-count movement. So the movement's actually 1 out, 2 counts in. 1, 2, 3. 1, 2, 3. And even if you're rowing faster, you still want to protect that ratio of 1, 2, 3.** (4:01–4:33) | **The third and final element we're going to look at in this tutorial is Timing.** . . . **You want a 2:1 ratio. For every second on the drive, take two seconds for the recovery.** . . . **1, 1, 2. 1, 1, 2. 1, 1, 2.** . . . **However fast you're trying to row, it's important to maintain that 2:1 ratio within the stroke.** (4:15–5:15) |
| A lot of people get on rowing machines, and they do what we call a **1:1 ratio where they run 1 count out and then 1 count in**. . . . If you row too quickly, and you don't give yourself that 2-count recovery, you think your power's going to be bigger in the long run, but **you actually see your power fade** because you don't give your body enough recovery on that powerful drive. (4:04–5:19) | If you rush too much and you're going **1:1, 1 second on the drive, 1 second on the recovery**, **you're not going to get the same amount of power and efficiency from each stroke**. (4:51–5:01) |
| So those are the 3 most important things. **Get the Order right. Legs, core, arms. Get the Power right. 60-20-20. Legs, core, arms. And then get the timing right. 1 out on the drive and 2 coming in on the recovery.** (5:29–5:43) | To recap, we've looked at three technical points to get the most out of your rowing workout. **One, the order in which the rowing stroke should be executed. Arms, core, legs. Legs, core, arms. Two, the way in which you should apply the power. 60% in the legs, 20% in the core, and 20% in the arms. And three, the timing. One second on the drive and two seconds on the recovery.** (5:26–6:00) |

2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# **Exhibit B**

Indo-Row Instructor Training Manual Excerpt

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



To simplify the process of learning the rowing stroke and make indoor rowing less intimidating to new participants, the Indo-Row program views, cues and teaches the stroke according to this simple 3 x 3 philosophy:



**3 X 3**

| Legs | Core | Arms |
|------|------|------|
| = 60% | = 20% | = 20% |

1 Count →

← 2 Counts

In addition, here are 5 photos animating the complete rowing stroke in motion.

    

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**Exhibit C**

ShockWave Instructor Training Manual Excerpt

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



Case 1:24-cv-00428-MSD-PAS   Document 1-1   Filed 05/06/24   Page 437 of 552 PageID #6542

60039784 v1

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 8

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00468-MSM-PAS    Document 1-1    Filed 11/06/24    Page 139 of 152 PageID
#6564



Patrick J. Concannon
Direct Line: 617-439-2177
Fax: 617-310-9177
E-mail: pconcannon@nutter.com

July 14, 2020

**VIA EMAIL (cscott@hinckleyallen.com) ONLY**

Mr. Craig M. Scott
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
30 Exchange Terrace
Providence, RI 02903

Re:    Alleged Infringement of Jay Blahnik, Inc.'s Intellectual Property Rights

Dear Mr. Scott:

This firm represents WaterRower Inc. and its affiliates (collectively, "WaterRower") in trademark matters. Our client forwarded your July 1, 2020 letter to me and asked me to respond.

WaterRower disagrees with the conclusions in your letter, and refuses to comply with your client's demands. I have had opportunity to review the videos in question. The videos explain what is commonly understood in the rowing industry/community as the optimal biomechanical rowing sequence. This commonly understood approach to rowing has been handed down over generations. WaterRower was producing videos that stressed the very same concepts prior to the recording and production of your client's video. Indeed, to the extent that the concepts described in the rowing videos in question constitute protectable intellectual property at all, it was WaterRower who introduced the concepts to Jay Blahnik, Inc. and not the other way around, and it is WaterRower who would have a superior claim to such intellectual property.

The videos merely describe a "sequence", or "method," however. As you know, methodologies and ideas themselves are not protected by copyright. There is an abundance of third-party materials dating back decades that describe the ideal rowing motion in a similar sequence and manner. It is less than surprising that our clients' videos are chronologically similar – they are describing the same chronological sequence.

The expressive language in the videos that relates to the rowing mechanics sequence is protected by copyright, but there are only so many ways to describe, and words one can

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00026-MSD-PAS     Document 1-1     Filed 05/06/24     Page 430 of 552 PageID #6545

Mr. Craig M. Scott
July 14, 2020
Page 2

use to describe, the sequence.  Anyone describing the sequence needs to use certain words and phrases like "arms", "legs", "core", "early", "power", "timing", "ratio" and "recovery". While the Jay Blahnik, Inc. video wording includes sufficient expression to be protected by copyright to some degree, the copyright is narrow, or "thin".  Small differences are sufficient to undercut a claim of "substantial similarity".  The differences between the wording in the videos, including the bolded wording emphasized in the table at Exhibit A to your letter, are not small, however.  The differences far outweigh the similarities.

The videos each refer to the well-known 60-20-20 power distribution approach to rowing.  Again, this is a commonly understood ratio and not a protectable concept.  Your client's use of "3x3" also seems to be tied so closely to the method or idea that comprises the rowing sequence and is not protectable but, in any event, the WaterRower video does not include mention of "3x3".  Finally, I observe that the "transcript" wording of the respective videos at Exhibit A to your letter is highly selective and leaves out content from the videos that further distinguishes the videos.

If there are additional facts that you would like to bring to our attention, we are receptive to hearing from you.  Absent that, we conclude that your client's complaints are not well-grounded.  WaterRower will defend itself vigorously against any legal action brought by your client as is necessary.

Sincerely yours,

Patrick J. Concannon

cc:      WaterRower Inc.

4866194.1

2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 9

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.



100 Westminster Street, Suite 1500
Providence, RI 02903-2319

p: 401-274-2000   f: 401-277-9600
hinckleyallen.com

*Craig M. Scott*
*cscott@hinckleyallen.com*

December 10, 2020

***Via Regular Mail and Email***
Patrick J. Concannon, Esq.
Nutter McClennen & Fish LLP
155 Seaport Blvd
Boston, MA 02210

**Re:**   **Infringement of Jay Blahnik, Inc.'s Intellectual Property Rights**

Dear Patrick:

I write to follow up regarding my July 1, 2020 letter regarding WaterRower Inc.'s ("WaterRower") infringement of Jay Blahnik, Inc.'s ("JBInc.") copyright rights in programming and marketing materials related to Indo-Row and ShockWave, particularly in the YouTube video entitled, "WaterRower: How to Row" ("WaterRower YouTube Video").[1]

The U.S. Copyright Office has recently granted JBInc. copyright registrations in its Indo-Row Rowing Tutorial video and portions of its Indo-Row Instructor Training Manual.  U.S. Copyright Registration Nos. PA0002266894 and TX0008910547 are attached.  In view of WaterRower's continued infringement of at least these copyrights by refusing to take down the WaterRower YouTube Video, we have notified YouTube of WaterRower's copyright violations by filing a complaint pursuant to the Digital Millennium Copyright Act ("DMCA").

In addition, JBInc. has granted a license to Apple Inc. to use its copyrighted material. Your client has no such license, and its continued unauthorized use of the WaterRower YouTube Video must cease.

Pursuant to my July 1, 2020 letter, please confirm that WaterRower immediately will take down the WaterRower YouTube Video, and variants thereof, from YouTube and any other

---

[1] https://www.youtube.com/watch?v=HCo9_CXoJj0

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Patrick J. Concannon, Esq.
December 10, 2020
Page 2 of 2

video hosting websites[2] and other media, destroy all copies of the WaterRower YouTube Videos in its possession or control, and certify the destruction thereof to JBInc. no later than five (5) business days following receipt of this letter.

JBInc. reserves all rights and waives none.

Very truly yours,

Craig M. Scott

Enclosures
cc: Jay Blahnik, Inc. (with enclosures)
    David Wollin, Esq. (with enclosures)

---

[2] For example, WaterRower appears to have also published the WaterRower YouTube Video on Vimeo at https://vimeo.com/320515433, and a user by the name of "Elite Fitness TV" appears to have published it on YouTube at https://www.youtube.com/watch?v=t8xs-miP5jA.

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

**Registration Number**

# PA 2-266-894

**Effective Date of Registration:**
December 01, 2020
**Registration Decision Date:**
December 04, 2020

## Title

**Title of Work:** Indo-Row Rowing Tutorial

## Completion/Publication

**Year of Completion:** 2011
**Date of 1st Publication:** December 31, 2011
**Nation of 1st Publication:** United States

## Author

- **Author:** Jay Blahnik, Inc.
  **Author Created:** entire motion picture
  **Work made for hire:** Yes
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Jay Blahnik, Inc.
38 Dolores, #805, San Francisco, CA, 94103, United States
**Transfer statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** preexisting music

**New material included in claim:** all other cinematographic material

## Rights and Permissions

**Organization Name:** Jay Blahnik, Inc.
**Address:** 38 Dolores
#805
San Francisco, CA 94103 United States

Page 1 of 2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## Certification

                **Name:**    Alexander P. Montgomery
                **Date**:    November 09, 2020

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## TX 8-910-547

**Effective Date of Registration:**
November 12, 2020
**Registration Decision Date:**
November 16, 2020

## Title

| | |
|---|---|
| **Title of Work:** | 3x3 |
| **Title of Larger Work:** | Indo-Row Instructor Training Manual |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2007 |
| **Date of 1st Publication:** | December 31, 2007 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Jay Blahnik, Inc. |
| **Author Created:** | text, photograph(s), artwork |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Jay Blahnik, Inc. |
| | 38 Dolores, #805, San Francisco, CA, 94103, United States |
| **Transfer statement:** | By written agreement |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Jay Blahnik, Inc. |
| **Address:** | 38 Dolores |
| | #805 |
| | San Francisco, CA 94103 United States |

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

## Certification

        **Name:**  Alexander P. Montgomery
        **Date:**  November 09, 2020

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 10

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

From: **YouTube Copyright** <youtube-disputes+16gf32kdm86gc0h@google.com>
Date: Fri, Jan 1, 2021 at 01:25
Subject: Re: [OV2MGPBICIXXOHHKHYWJZ4K46Q] New Copyright Counter-Notification



We received the attached counter notification in response to a complaint you filed with us.

We're providing you with the counter notification and await evidence (in not more than 10 business days) that you've filed an action seeking a court order against the counter notifier to restrain the allegedly infringing activity. In most cases, such evidence would include a lawsuit against the uploader who filed the counter notification, which names the specific YouTube URL(s) at issue.

Such evidence should be submitted by replying directly to this email. Please do not send your reply to copyright@youtube.com. If we don't receive notice from you, we may reinstate the material to YouTube.

Counter-Notification as follows:

Videos included in counter-notification:

- http://www.youtube.com/watch?v=HCo9_CXoJj0

Display name of uploader: WaterRower Rowing Machines

Re: DMCA Counter Notification of Mistaken Removal or Disabling of Material Dear Designated Agent: I am an attorney representing WaterRower, Inc., and I am writing in response to the mistaken removal of or disabling of access to certain materials at the YouTube platform. I hereby provide counter notification pursuant to the terms of the Digital Millennium Copyright Act (the "Act") and YouTube's "Copyright and Rights Management Policy". The following material was removed from or disabled on your service located at www.youtube.com (the "Service") on December 10, 2020: "WaterRower: How to Row"; Published March 1, 2019 on WaterRower Rowing Machines YouTube Channel. I swear, under penalty of perjury, that I have a good faith belief that the identified material was removed or disabled from the Service as a result of a mistake. Namely, the content of the video in question includes a visual demonstration and audio explanation/description of a rowing technique that generally is accepted as the most efficient rowing exercise sequence. The removed content is not owned by the complaining party, it was authored by and is owned

1

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

by WaterRower, Inc. On behalf of WaterRower, Inc., I therefore request, in accordance with Section 512(g) of the Act, that you replace any removed material and cease disabling access to any blocked material within 14 business days of your receipt of this notice. Please notify me to confirm access to any disabled material has been restored. WaterRower hereby consents to the jurisdiction of the Federal District Court for the District of Rhode Island (where it maintains its primary place of business), and I will accept service of process on behalf of WaterRower from the person (or an agent of the person) who provided the DMCA notification. The above is not an exhaustive statement of all the relevant facts and law, and I expressly reserve all of my equitable and legal rights and remedies. Sincerely, WATERROWER, INC. By its attorney, By:Name:Patrick J. Concannon

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Patrick J. Concannon

155 Seaport Blvd

Boston, MA 02210 US

PConcannon@nutter.com

617-439-2177

Help center • Email options

©2020 YouTube, LLC 901 Cherry Ave, San Bruno, CA 94066, USA

2

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

# EXHIBIT 11

Case Number: PC-2024-05001
Filed in Providence/Bristol County Superior Court
Submitted: 9/10/2024 2:47 PM
Envelope: 4792352
Reviewer: Carol M.

Case 1:24-cv-00436-MSD-PAS   Document 1-1   Filed 05/06/24   Page 152 of 152 PageID #6697



28 State Street
Boston, MA 02109-1775

p: 617-345-9000   f: 617-345-9020
hinckleyallen.com

## DMCA TAKEDOWN NOTICE

January 8, 2021

**Via Email: dmca@vimeo.com**

Vimeo, Inc.
Attn: Legal Dept. – Copyright Agent
dmca@vimeo.com

> Re: Notice of Copyright Infringement

To Whom It May Concern:

We write on behalf of Jay Blahnik, Inc., the copyright owner and author of the copyright-protected rowing-related works that are the subject of U.S. Copyright Reg. No. PA 2-266-894 (Indo-Row Rowing Tutorial) and U.S. Copyright Reg. No. TX 8-910-547 (Indo-Row 3x3) (collectively, the "**Works**"). We hereby provide notice of copyright infringement pursuant to the terms of the Digital Millennium Copyright Act (the "**Act**").

Your service located at Vimeo.com displays a video that infringes our client's copyrights in the Works (the "**Infringing Work**"). The Infringing Work and the URL at which the Infringing Work is accessible is as follows:

- WaterRow: How to Row Technique (https://vimeo.com/320515433)

We have a good faith belief that the use of the Infringing Work in the manner described in this letter is not authorized by our client, any agent of our client or any applicable law. The information in this notification is accurate and we swear, under penalty of perjury, that we are authorized to act on behalf of the copyright owner with respect to the subject matter of this letter.

We therefore request that you remove or disable access to the Infringing Work as set forth in Section 512(c)(1)(C) of the Act and pursuant to your Terms of Service. Please contact the undersigned no later than one week from the date of this letter to confirm that the infringing materials have been removed or access disabled. The undersigned may be contacted at the address, telephone number, and email address set forth below.

Sincerely,

*Alexander P. Montgomery*

Alexander P. Montgomery
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
amontgomery@hinckleyallen.com
(617) 345-9000

cc:   Craig M. Scott, Esq.
      Jay Blahnik, Inc.

60558351 v1   ALBANY ▶ BOSTON ▶ CHICAGO ▶ HARTFORD ▶ MANCHESTER ▶ NEW YORK ▶ PROVIDENCE